■ LYNN RUBINO et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [619 NYS2d 961] —In an action to recover damages in connection with the sale of personal property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), entered July 20, 1993, as granted the cross motion of the defendants City of New York and the Commissioner of the New York City Department of Social Services to dismiss the complaint insofar as it was asserted against them for failure to exhaust administrative remedies.

■ LYNN RUBINO et al., Appellants, v CITY OF NEW YORK et al., Defendants, and LONGWOOD STORAGE CORP., Respondent. [619 NYS2d 961] —In an action to recover damages in connection with the sale of personal property, the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), entered March 11, 1993, as granted the motion by the defendant Longwood Storage Corp. for a protective order with respect to items in the plaintiffs' notice to admit numbered 5 through 17, 25, 27 through 30, 34 through 36, and 39 through 48.

Ordered that the order is modified, on the law, by deleting

from the first decretal paragraph thereof items numbered 15 through 17; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Longwood Storage Corp., and Longwood Storage Corp. is directed to respond to items numbered 15 through 17 within 30 days after service upon it of a copy of this decision and order, with notice of entry.

Most of the items at issue contained in the plaintiffs' notice to admit relate to matters which were in substantial dispute or which go to the ultimate issues in the case. Thus, the Supreme Court did not improvidently exercise its discretion in granting the motion of the defendant Longwood Storage Corp. (hereinafter Longwood) for a protective order with respect thereto (see, CPLR 3123 [a]; *Kalabovic v Fort Place Coop.,* 159 AD2d 609). However, the court should have required Longwood to respond to items 15 through 17, as those items related to the employment status of a named individual and there is nothing in the record to indicate that the individual's status is a matter in dispute (cf., *Felice v St. Agnes Hosp.,* 65 AD2d 388). Thus, the order is modified accordingly. Thompson, J. P., Lawrence, O'Brien and Krausman, JJ., concur.