■ In the Matter of JOSEPH T. RUSSELL, Respondent, v JENNIFER RUSSELL, Appellant. [900 NYS2d 106]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Lechtrecker, Ct. Atty. Ref.), dated July 8, 2009, which, after a hearing, granted the father's petition to modify an order of custody and visitation of the same court (Kelly, J.), dated January 11, 2008, by awarding him sole custody of the parties' children. By decision and order on motion dated September 8, 2009, this Court granted the mother's motion to stay enforcement of the order dated July 8, 2009, pending hearing and determination of the appeal.

Ordered that the order dated July 8, 2009, is reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, the father's petition to modify the order of custody and visitation dated January 11, 2008, is denied, and a subsequent visitation order of the Family Court, Suffolk County, dated August 13, 2009, is vacated.

To modify an existing custody arrangement, there must be a showing of a change in circumstances such that modification is required to ensure the continued best interests of the child (*see Trinagel v Boyar*, 70 AD3d 816 [2010]; *Matter of Delano v Desimone*, 60 AD3d 673 [2009]; *Matter of Zeis v Slater*, 57 AD3d 793, 794 [2008]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]). Priority in custody disputes should usually be given to the parent who was first awarded custody by the court or to the parent who obtained custody by voluntary agreement (*see Matter of Murray v Hall*, 294 AD2d 504 [2002]; *Robert C.R. v Victoria R.*, 143 AD2d 262, 264 [1988]; *Richman v Richman*, 104 AD2d 934, 935 [1984]; *see also Friederwitzer v Friederwitzer*, 55 NY2d 89, 94 [1982]). The hearing court's custody determination will not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of Zeis v Slater*, 57 AD3d at 794).

Here, the Family Court's determination that a change of custody was warranted because the mother seemingly placed her own interests before those of her children and did not provide the same stability in the home as the father could provide lacked a sound and substantial basis in the record. While

neither parent is unfit, and either would provide the child with a comfortable and loving home, the children have resided in the mother's home since 2003, when the father left the marital home and relocated out-of-state. While living with their mother, the children have thrived both at home and in school. The present custody arrangement is supported by the position taken by the attorney for the children (*see Matter of Bonthu v Bonthu*, 67 AD3d 906 [2009]; *Matter of Verret v Verret*, 37 AD3d 479, 481 [2007]). "Under the circumstances of this case, there is no reason to disrupt the stability and continuity of the present situation" (*Matter of Bryant v Nazario*, 306 AD2d 529 [2003]; *see Matter of Murray v Hall*, 294 AD2d 504 [2002]). Covello, J.P., Florio, Eng and Chambers, JJ., concur.