■ In the Matter of JAMES RUGGIERO, Respondent, v MICHELE NOE, Appellant. [910 NYS2d 479]—

In a proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from stated portions of an order of the Family Court, Suffolk County (Lynaugh, J.), dated December 31, 2009, which, after a hearing, inter alia, granted the father's amended petition to modify an order of the same court (Blass, Ct. Atty. Ref.), dated August 28, 2006, entered upon the parties' consent, awarding them shared legal and residential custody of the subject child, so as to award the father sole residential custody of the child with visitation to her, and denied her cross petition to modify the visitation provisions of the order dated August 28, 2006. By decision and order on motion of this Court dated February 16, 2010, enforcement of the order dated December 31, 2009, was stayed pending the hearing and determination of the appeal.

Ordered that the order dated December 31, 2009, is modified, on the law and on the facts, by deleting the provision thereof granting that branch of the father's amended petition which was to modify so much of the order dated August 28, 2006, as awarded shared residential custody to the parties, so as to award

the father sole residential custody of the child with visitation to the mother, and substituting therefor a provision denying that branch of the father's amended petition; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith.

The parties to this action were divorced in 2004, pursuant to a judgment which incorporated, but did not merge, their earlier stipulation of settlement. The stipulation of settlement provided, inter alia, that the parties would have joint legal custody of their child, with the mother to have residential custody and the father to have visitation. The stipulation further provided that the parties could renegotiate visitation once the child reached school age. By order dated August 28, 2006 (hereinafter the prior order), entered upon the parties' consent, the Family Court awarded the parties shared legal and residential custody of the child. The order further provided, inter alia, that "[t]he child shall be enrolled in the Speonk-Remsenberg School District, in which the Father currently resides," and that the child's school placement was conditioned upon the father continuing to reside in the Speonk-Remsenberg School District and the mother remaining in the William Floyd School District, where she resided at the time. The order also provided that if the father relocated out of the "Speonk-Remsenberg School District, the Mother shall have residential custody of the child and may enroll the child in the school district in which she resides. In the event the Mother relocates out of the William Floyd School District, the Mother shall have residential custody of the child and may enroll the child in the school district to which she relocates."

In January 2009, the mother relocated from the William Floyd School District to the Eastport-South Manor School District.

In September 2009, the father filed an amended petition to modify the prior order so as to award him sole residential custody of the child, with visitation to the mother. The father alleged, inter alia, that the child was having behavior problems which the mother failed to address, and that the mother's increased work schedule prevented her from being a proper custodian. The mother filed a cross petition to modify the visitation provisions of the prior order, asserting that she was entitled to custody of the child pursuant to the prior order, which awarded her custody of the child if she moved out of the William Floyd School District, and that the father was the parent in need of a visitation schedule.

In the order appealed from, the Family Court granted the

father's amended petition, awarded him sole residential custody of the child with visitation to the mother, setting forth a detailed visitation schedule. The Family Court transferred custody of the child to the father, effective immediately, and denied the mother's cross petition. The mother appeals from stated portions of the Family Court's order. We modify.

A hearing court's determination will not be upheld where, as here, it lacks a sound and substantial basis in the record (*see Matter of Summer A.*, 49 AD3d 722 [2008]; *Marcantonio v Marcantonio*, 307 AD2d 740, 741 [2003]; *cf. Matter of Reyes v Alvarado*, 50 AD3d 1152 [2008]). "Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (*Matter of Pignataro v Davis*, 8 AD3d 487, 488 [2004]). At the hearing before the Family Court, the father failed to show a change in circumstances warranting a change in custody (*see Matter of Stevenson v Stevenson*, 70 AD3d 1515 [2010]; *Fox v Fox*, 177 AD2d 209 [1992]). The hearing testimony established that from 2006 to 2009, the parties shared physical custody of the child during the week and alternated weekend visitation with the child. The parties have shown themselves to be remarkably adept at cooperating with one another to facilitate shared residential custody of the child (*see Matter of Pignataro v Davis*, 8 AD3d at 488; *Marcantonio v Marcantonio*, 307 AD2d at 741-742; *Janecka v Franklin*, 131 AD2d 436 [1987]; *cf. Pambianchi v Goldberg*, 35 AD3d 688 [2006]). In particular, the child's expressed preference to live with both parents is a good indication of what is in the child's best interests (*see Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]). Accordingly, the Family Court should have denied that branch of the father's amended petition which was to modify the prior order dated August 28, 2006, so as to award him sole residential custody with visitation to the mother.

Contrary to the mother's contention, the provision in the prior order, entered upon the parties' consent, automatically awarding her residential custody of the child if she moved out of the William Floyd School District, cannot be given effect, because, based upon the totality of the circumstances, an award of joint residential custody is in the child's best interest (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 95 [1982] ["(n)o agreement of the parties can bind the court to a disposition other than that which a weighing of all of the factors involved shows to be in the child's best interest"]; *Matter of Grigoli v Grigoli*, 29 AD3d 792 [2006] [same]). Therefore, because the

parties' 2006 consent agreement did not provide for an award of sole custody to the mother, she was not entitled to an order modifying the visitation provisions of the prior order so as to award the father visitation, and the Family Court therefore, properly denied her cross petition to modify visitation.

We remit the matter to the Family Court, Suffolk County, for further proceedings, including a determination of which days of the week each parent is to have residential custody of the child, and a schedule for each parent's holiday visitation with the child. Skelos, J.P., Eng, Hall and Lott, JJ., concur.