JAMES M. WHITE, JR., Respondent, v THERESA MAZZELLA-WHITE, Appellant. [924 NYS2d 418]—

In a matrimonial action in which the parties were divorced by judgment dated July 16, 2007, the mother appeals from an order of the Supreme Court, Westchester County (Tolbert, J.), entered August 21, 2009, which, after a hearing, granted the father's motion to modify the custody provisions of the judgment of divorce to award him sole custody of the subject children.

Ordered that the order is affirmed, without costs or disbursements.

To modify an existing custody arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the children (*see Matter of Chabotte v Faella*, 77 AD3d 749, 749 [2010]; *Trinagel v Boyar*, 70 AD3d 816, 816 [2010]; *Matter of Zeis v Slater*, 57 AD3d 793, 793 [2008]). The best interests of the children are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]).

Priority in custody disputes should usually be given to the parent who was first awarded custody by the court or to the parent who obtained custody by voluntary agreement (*see Robert C.R. v Victoria R.*, 143 AD2d 262, 264 [1988]; *Richman v Richman*, 104 AD2d 934, 935 [1984]; *see also Friederwitzer v Friederwitzer*, 55 NY2d 89, 94 [1982]). Moreover, a hearing court's custody determination should not be set aside unless it lacks a sound and substantial basis in the record (*see Trinagel v Boyar*, 70 AD3d at 816; *Matter of Zeis v Slater*, 57 AD3d at 794).

Here, the Supreme Court's determination that a change from joint custody to sole custody of the subject children to the father is supported by a sound and substantial basis in the record. The record established that the mother failed to promote a positive relationship between the children and the father, failed to participate in the children's schooling or extracurricular activities, and did not provide the same stability in the home as the father provided. In addition, the mother conceded that both children have primarily resided in the father's home since 2007 despite the parties' stipulation entered on September 13, 2005, pursuant to which they were to enjoy joint custody by alternating physical custody week to week. Since that time, the children have thrived, receiving consistent assistance with their school assignments, support and encouragement for extracurricular activities, and appropriate parental supervision. In addition, the attorney for the children supports the award of sole custody of the children to the father (*see e.g. Matter of Russell v Russell*, 72 AD3d 973, 975 [2010]).

The mother's remaining contentions are without merit.

Accordingly, we decline to disturb the Supreme Court's determination (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]; *Matter of Tercjak v Tercjak*, 49 AD3d 772 [2008]). Angiolillo, J.P., Florio, Lott and Austin, JJ., concur.