■ In the Matter of JAMES RUGGIERO, Appellant, v MICHELE NOE, Respondent. [940 NYS2d 672]—

In a proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from stated portions of an order of the Family Court, Suffolk County (Cheng, J.), dated March 31, 2011, which, after remittitur by this Court upon a prior appeal (*see Matter of Ruggiero v Noe*, 77 AD3d 959 [2010]), and after a hearing, inter alia, only awarded him residential custody of the parties' child every Monday, Tuesday, and Thursday from after school until 6:15 P.M., and every Wednesday from after school until Thursday morning, when the child goes to school.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

On a prior appeal, this Court determined that the Family Court erred in modifying a prior order that had awarded the parties shared legal and residential custody of their child, and

remitted the matter to the Family Court, Suffolk County, for further proceedings, including a determination as to which days of the week each parent was to have residential custody of the child (*see Matter of Ruggiero v Noe*, 77 AD3d 959 [2010]). The father now appeals from stated portions of an order which, after remittal, inter alia, only awarded him residential custody of the subject child every Monday, Tuesday, and Thursday from after school until 6:15 P.M., and every Wednesday from after school until Thursday morning, when the child goes to school.

In any custody determination, the best interests of the child are paramount (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 95 [1982]). "The best interests of the child are determined by a review of the totality of the circumstances" (*Matter of Garcia v Fountain*, 82 AD3d 979, 980 [2011]). "As a custody determination depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, the findings of the Family Court will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Tercjak v Tercjak*, 49 AD3d 772, 772 [2008]; *see Matter of Gilmartin v Abbas*, 60 AD3d 1058 [2009]). Here, the Family Court did not improvidently exercise its discretion in awarding the father residential custody of the child from after school until 6:15 P.M. three nights per week as well as overnight one night per week. Such a custody arrangement takes into account the father's status and is in keeping with the child's expressed wishes (*see Eschbach v Eschbach*, 56 NY2d at 173).

Contrary to the father's contention, shared residential custody does not require that the parties have an exactly equal number of hours with the child (*see Gainey v Gainey*, 303 AD2d 628, 629 [2003]), and nothing in our prior order so provided. Skelos, J.P., Belen, Lott and Miller, JJ., concur.