■ In the Matter of KEITH ARNDT, Appellant, v NICOLE ARNDT, Respondent. (Proceeding No. 1.) In the Matter of NICOLE ARNDT, Respondent, v KEITH ARNDT, Appellant. (Proceeding No. 2.) [954 NYS2d 196]—

In two related child custody proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Bennett, J.), dated June 27, 2011, which, after a hearing, in effect, denied his petition seeking custody of the child and granted the mother's separate petition for sole custody of the child.

Ordered that the order is affirmed, without costs or disbursements.

The essential consideration in making an award of custody is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Cardozo v Defreitas*, 87 AD3d 1138 [2011]). "Since custody determinations turn in large part on assessments of the credibility, character, temperament and sincerity of the parties, the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Chery v Richardson*, 88 AD3d 788, 788 [2011]).

Joint custody is encouraged "as a voluntary alternative for relatively stable, amicable parents behaving in mature civilized fashion" (*Braiman v Braiman*, 44 NY2d 584, 589-590 [1978]). Here, contrary to the father's contention, the Family Court properly concluded that the parents' relationship was so acrimonious that it effectively precluded joint decision making (*see Matter of Edwards v Rothschild*, 60 AD3d 675, 677 [2009]) and properly determined that it was in the best interests of the parties' child to award sole custody to the mother, with the father retaining significant visitation rights (*see Matter of Schweizer v Jablesnik*, 95 AD3d 1341 [2012]; *Matter of Pavone v Bronson*, 88 AD3d 724, 725 [2011]; *Freihofner v Freihofner*, 33 AD3d 585, 586 [2006]). The father's remaining contentions are without merit.

Accordingly, the Family Court properly awarded sole custody to the mother and denied the father's petition for sole custody of the subject child. Mastro, J.P., Skelos, Florio and Dickerson, JJ., concur.