In the Matter of JEFFREY R. SIDOROWICZ, Respondent, v KELLY SIDOROWICZ, Appellant. [955 NYS2d 194]—

A party seeking modification of an existing custody arrangement must show the existence of such a change in circumstances that modification is required to ensure the continued best interests of the child (*see Matter of Sparacio v Fitzgerald*, 73 AD3d 790, 790-791 [2010]; *Matter of Russell v Russell*, 72 AD3d 973, 974 [2010]; *Trinagel v Boyar*, 70 AD3d 816, 816 [2010]). Those best interests are determined by a review of all of the relevant circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Ross v Ross*, 96 AD3d 856, 857 [2012]). Here, after a hearing, the Family Court, in effect, granted the father's petition and awarded him, among other things, sole legal and residential custody of the parties' children.

"Although the determination of the hearing court which saw and heard the witnesses is entitled to great deference, its determination will not be upheld where it lacks a sound and substantial basis in the record" (*Matter of Sparacio v Fitzgerald*, 73 AD3d at 791; *see Matter of Moran v Cortez*, 85 AD3d 795, 796-797 [2011]; *Matter of Marrero v Centeno*, 71 AD3d 771, 773 [2010]). Here, the Family Court's determination lacked a sound and substantial basis in the record (*see Matter of Russell v Russell* 72 AD3d at 974-975). In particular, the Family Court failed to accord sufficient weight to the children's need for stability and to the impact of uprooting them, not only from the residence of their mother, but also from the place where they have lived since the parties separated in 2007. The court also failed to give sufficient weight to the undisputed evidence regarding the strained relationship between the father and one of the children (who is now 15 years old), and to that child's clearly expressed preference to remain in New York with the mother (*see id.*). Since the father failed to establish that circumstances had so changed since the initial custody determination that a modification in the existing custody arrangement was necessary to ensure the continued best interests of the children, his petition should have been denied (*see Sano v Sano*, 98 AD3d 659 [2012]; *Matter of Russell v Russell*, 72 AD3d at 974).

In light of our determination, we need not address the mother's remaining contentions. Rivera, J.P., Balkin, Leventhal and Chambers, JJ., concur.