In two related child custody proceedings pursuant to Family Court Act article 6, the paternal grandmother appeals from (1) a decision of the Family Court, Orange County (Bivona, J.), dated February 14, 2012, made after a hearing, and (2) an order of the same court dated February 28, 2012, which, upon the decision, granted the maternal grandmother’s petition for legal and physical custody of the subject child and denied the paternal grandmother’s cross petition for legal and physical custody of the subject child.
Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,
Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the maternal grandmother’s petition for legal and physical custody of the subject child is denied, the paternal grandmother’s cross petition for legal and physical custody of the subject child is granted, and the matter is remitted to the Family Court, Orange County, for further proceedings consistent herewith, and to establish an appropriate visitation schedule for the maternal grandmother and, thereafter, to issue a permanent visitation order; and it is further,
Ordered that, pending further order of the Family Court, Orange County, the maternal grandmother shall have unsupervised visitation with the child from 5:00 p.m. every Tuesday until 7:00 p.m. every Wednesday, on alternate weekends from Friday at 5:00 p.m. until Sunday at 7:00 p.m., on the alternate holidays described in the order dated February 28, 2012, and on the child’s birthday, as provided in the order dated February 28, 2012, or other times as the parties may agree, provided that the child shall never be left alone with Daniel Iams, Jeremy Iams, and/or Patrick Iams; and it is further,
Ordered that the paternal grandmother shall provide the maternal grandmother with all information pertaining to the child’s health, education, welfare, and extracurricular activities, *911 and shall provide the respective schools, doctors, and activity coordinators with appropriate documentation authorizing the release of that information to the maternal grandmother.
After both of the subject child’s parents died in July 2011 when he was three years old, the maternal grandmother and the paternal grandmother of the subject child both sought legal and physical custody of the subject child (see Family Ct Act § 651 [b]; Domestic Relations Law §§ 72 [1]; 240). After a hearing that took place over the course of three days, the Family Court, Orange County, awarded legal and physical custody of the child to the maternal grandmother.
The essential consideration in any custody dispute is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). In determining the best interests of the child, the court must evaluate the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d at 171; Nicholas T. v Christine T., 42 AD3d 526, 527 [2007]; Matter of Berrouet v Greaves, 35 AD3d 460, 461 [2006]). This Court’s authority in custody determinations is as broad as that of the hearing court (see Matter of Louise E.S. v W. Stephen S., 64 NY2d 946, 947 [1985]), and while we are mindful that the hearing court has an advantage in being able to observe the demeanor and assess the credibility of witnesses, we “would be seriously remiss if, simply in deference to the finding of a Trial Judge,” we allowed a custody determination to stand where it lacks a sound and substantial basis in the record (Matter of Gloria S. v Richard B., 80 AD2d 72, 76 [1981]; see Matter of Moran v Cortez, 85 AD3d 795, 796 [2011]; Matter of Marrero v Centeno, 71 AD3d 771 [2010]; Matter of Larkin v White, 64 AD3d 707, 708-709 [2009]).
Here, the Family Court’s award of legal and physical custody to the maternal grandmother lacked a sound and substantial basis in the record. In awarding the maternal grandmother custody, the Family Court gave undue weight to its finding that the maternal grandmother would be more likely than the paternal grandmother to foster a meaningful relationship between the subject child and the noncustodial grandparent. Furthermore, although the maternal grandmother is a loving grandparent who enjoys a close bond with the child, the evidence presented at the hearing indicates a troubling history of alcohol and other substance abuse within the maternal grandmother’s household, and we conclude that the Family Court failed to give sufficient weight to the danger such circumstances pose to the child (see Matter of Marrero v Centeno, 71 AD3d at 774; Matter of Larkin v White, 64 AD3d at 709). Under the *912 totality of the circumstances, the best interests of the child would be served by awarding the paternal grandmother physical and legal custody (see Eschbach v Eschbach, 56 NY2d at 171).
We deem it appropriate that the maternal grandmother enjoy liberal visitation. However, given the history of alcohol and other substance abuse in this case, the maternal grandmother should demonstrate that her household constitutes a safe and appropriate environment for liberal visitation with the child. One method by which the maternal grandmother may do so would be to follow the recommendation contained in the court-ordered mental health evaluation report to have her husband William lams, and her three adult sons—Daniel lams, Jeremy lams, and Patrick lams—undergo drug and alcohol evaluations. In addition, both the maternal grandmother and the paternal grandmother should undergo drug and alcohol evaluations in accordance with the mental health evaluation report. The results of any such evaluations, including any recommendation for additional screening or periodic testing, should be taken into account by the Family Court when determining the terms of a permanent visitation order for the maternal grandmother that is in the best interests of the child. Rivera, J.E, Leventhal, Austin and Miller, JJ, concur.