In a child custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Westchester County (Spitz, J.H.O.), dated October 5, 2012, as, after a hearing, denied his petition to modify a prior custody order of the Family Court, Suffolk County (Freundlich, J. ), dated September 8, 2008, so as *765 to award him sole residential custody of the subject child. By decision and order on motion dated October 19, 2012, this Court stayed enforcement of so much of the order dated October 5, 2012, as transferred physical custody of the subject child to the mother, pending the hearing and determination of the appeal.
Ordered that the order dated October 5, 2012, is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, the father’s petition to modify the order dated September 8, 2008, so as to award him sole residential custody of the subject child is granted, and the matter is remitted to the Family Court, Westchester County, for further proceedings to establish an appropriate visitation schedule for the mother; and it is further,
Ordered that pending further order of the Family Court, Westchester County, the mother shall have visitation with the subject child in accordance with the decision and order on motion issued by this Court on October 19, 2012.
Generally, to modify an existing custody arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child (see Matter of Sidorowicz v Sidorowicz, 101 AD3d 737 [2012]; Matter of Sparacio v Fitzgerald, 73 AD3d 790 [2010]). The best interests of the child are determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of O’Loughlin v Sweetland, 98 AD3d 983 [2012]). As a general rule, the determination of the Family Court in custody matters is entitled to great respect on appeal because it is in the best position to evaluate the credibility of witnesses, as well as the character and sincerity of the parties (see Matter of Louise E.S. v W. Stephen S., 64 NY2d 946 [1985]; Matter of Dwyer-Hayde v Forcier, 67 AD3d 1011 [2009]; Matter of Olson v Olson, 8 AD3d 285 [2004]). However, the authority of an appellate court is as broad as that of the Family Court (see Matter of Louise E.S. v W. Stephen S., 64 NY2d at 947; Matter of Edwards v Rothschild, 60 AD3d 675, 676 [2009]; Matter of Summer A., 49 AD3d 722, 726 [2008]), and “[a]n appellate court would be seriously remiss if, simply in deference to the finding of a Trial Judge, it allowed a custody determination to stand where it lack[ed] a sound and substantial basis in the record” (Matter of Gloria S. v Richard B., 80 AD2d 72, 76 [1981]; see Matter of Iams v Estate of Iams, 106 AD3d 910 [2013]; Matter of Moran v Cortez, 85 AD3d 795, 797 [2011]; Matter of Ruggiero v Noe, 77 AD3d 959 [2010]; Matter of Marrero v Centeno, 71 AD3d 771, 773 [2010]).
Here, the Family Court’s determination that the evidence did *766 not demonstrate a sufficient change in circumstances is not supported by a sound and substantial basis in the record. In October 2011, after the commencement of a Family Court Act article 10 child protective proceeding against the mother in Suffolk County, the father was awarded temporary sole residential custody of the subject child with liberal visitation to the mother. The child protective proceeding was dismissed after the initial report of the Suffolk County Department of Social Services, which concluded that child abuse or neglect was “indicated,” was amended, after an expungement hearing, to conclude that the allegations of abuse or neglect were “unfounded” (see Social Services Law § 422 [8]). The father then filed the instant petition in the Family Court, Westchester County. The evidence presented at the hearing on the father’s petition established that, while living with the father in Westchester County, the child, who has special needs, had thrived both at home and in school. It would be disruptive to remove the child from the father’s house and his established routine (see Matter of McDonough v McDonough, 73 AD3d 1067 [2010]; Matter of Edwards v Rothschild, 60 AD3d at 678). Moreover, the father is ensuring that the child maintains a strong and continuing relationship with the mother. The continuation of a liberal visitation schedule will provide the mother with a meaningful opportunity to maintain a close relationship with the child (see Matter of Dwyer-Hayde v Forcier, 67 AD3d 1011 [2009]; Matter of Olson v Olson, 8 AD3d 285 [2004]). We note that the attorney for the child supports the award of sole residential custody of the child to the father (see White v Mazzella-White, 84 AD3d 1068 [2011]; Matter of Russell v Russell, 72 AD3d 973 [2010]).
In light of our determination, we need not reach the father’s remaining contention. Eng, P.J., Rivera, Hall and Lott, JJ., concur.