In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Kings County (Katz, J.), dated July 31, 2012, as, after a hearing, granted that branch of the father’s petition which was to modify so much of a prior order of the same court (Pearl, J.), dated September 14, 2006, as awarded the mother custody of the parties’ son so as to award the father sole custody of the parties’ son.
Ordered that the order is reversed insofar as appealed from, on the facts, without costs or disbursements, that branch of the father’s petition which was to modify so much of the order dated September 14, 2006, as awarded the mother custody of the parties’ son so as to award him sole custody of the parties’ son is denied, and the matter is remitted to the Family Court, Kings County, to establish an appropriate visitation schedule for the father with the parties’ son.
To warrant modification of an existing court-sanctioned child custody arrangement, there must be a showing of a change in circumstances, such that the modification is required to protect the best interests of the child (see Family Ct Act § 652 [a]; Matter of Morillo v Nunez, 91 AD3d 875, 876 [2012]; White v Mazzella-White, 84 AD3d 1068, 1069 [2011]; Matter of Chabotte v Faella, 77 AD3d 749 [2010]). The best interests of the child are determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Griffin v Nikiea Moore-James, 104 AD3d 685 [2013]; Matter of Sidorowicz v Sidorowicz, 101 AD3d 737 [2012]).
In custody matters, the credibility determinations of the Family Court are entitled to deference, as the Family Court was in the best position to evaluate the credibility of witnesses (see Matter of Laura C. [Eduardo C.], 108 AD3d 666 [2013]; Matter of Pietrafesa v Pietrafesa, 108 AD3d 557 [2013]). However, the authority of an appellate court is as broad as that of the Family Court (see Matter of Louise E.S. v W. Stephen S., 64 NY2d 946, 947 [1985]; Matter of Ellis v Burke, 108 AD3d 764, 765 [2013]; Matter of Edwards v Rothschild, 60 AD3d 675, 676 [2009]), and “[a]n appellate court would be seriously remiss if, simply in deference to the finding of a Trial Judge, it allowed a custody determination to stand where it lack[ed] a sound and substantial basis in the record” (Matter of Gloria S. v Richard B., 80 AD2d 72, 76 [1981]; see Matter of Iams v Estate of Iams, 106 AD3d *718 910, 911 [2013]; Matter of Moran v Cortez, 85 AD3d 795, 797 [2011]; Matter of Ruggiero v Noe, 77 AD3d 959, 961 [2010]).
Here, the father failed to establish that a change in custody was in the best interests of the parties’ son in light of, inter alia, the evidence as to the child’s emotional distress during a period of time when he lived with the father, the evidence that the child was in need of certain professional treatment, and the father’s failure to consistently obtain such treatment for the child (see Matter of Robert T.F. v Rosemary F, 148 AD2d 449, 451 [1989]). Accordingly, the Family Court should have denied that branch of the father’s petition which was to modify the existing child custody arrangement so as to award him sole custody of the parties’ son.
In light of our determination, we need not address the mother’s remaining contention. Mastro, J.E, Balkin, Leventhal and Lott, JJ., concur.