■ In the Matter of Franco Lombardi, Respondent, v Maria Valenti, Formerly Known as Maria Lombardi, Appellant. [991 NYS2d 457]—

In a custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Woods, J.), entered April 30, 2013, which, after a hearing, inter alia, granted that branch of the father's petition which was, in effect, to modify an order of custody and visitation of the same court dated May 24, 2012, entered upon stipulation of the parties, so as to award him sole legal and physical custody of the parties' child, with a specified schedule of parenting time for the mother, and directed the parties to each pay the sum of $750 to Community Mediation Services, Inc.

Ordered that the order entered April 30, 2013, is reversed, on the law and the facts, without costs or disbursements, and that branch of the father's petition which was, in effect, to modify an order of custody and visitation dated May 24, 2012, entered upon stipulation of the parties, so as to award him sole legal and physical custody of the parties' child, with a specified schedule of parenting time for the mother, is denied.

"To warrant modification of an existing court-sanctioned child custody arrangement, there must be a showing of a change in circumstances, such that the modification is required to protect the best interests of the child" (*Matter of Cortez v Cortez*, 111 AD3d 717, 717 [2013]; *see* Family Ct Act § 652 [a]; *Matter of Morillo v Nunez*, 91 AD3d 875, 876 [2012]; *White v Mazzella-White*, 84 AD3d 1068, 1069 [2011]; *Matter of Chabotte v Faella*, 77 AD3d 749, 749 [2010]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Cortez v Cortez*, 111 AD3d at 717; *Matter of Griffin v Moore-James*, 104 AD3d 685, 686 [2013]; *Matter of Sidorowicz v Sidorowicz*, 101 AD3d 737, 738 [2012]).

"In custody matters, the credibility determinations of the Family Court are entitled to deference, as the Family Court was in the best position to evaluate the credibility of witnesses" (*Matter of Cortez v Cortez*, 111 AD3d at 717; *see Matter of Laura C. [Eduardo C.]*, 108 AD3d 666, 667 [2013]; *Matter of Pietrafesa v Pietrafesa*, 108 AD3d 557, 558 [2013]). However, the authority of an appellate court is as broad as that of the Family Court (*see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 947 [1985]; *Matter of Ellis v Burke*, 108 AD3d 764, 765 [2013]; *Matter of Edwards v Rothschild*, 60 AD3d 675, 676 [2009]), and "[a]n appellate court would be seriously remiss if, simply in deference to the finding of a Trial Judge, it allowed a custody determination to stand where it lack[ed] a sound and substantial basis in the record" (*Matter of Gloria S. v Richard B.*, 80 AD2d 72, 76 [1981]; *see Matter of Cortez v Cortez*, 111 AD3d at 717; *Matter of Iams v Estate of Iams*, 106 AD3d 910, 911 [2013]; *Matter of Moran v Cortez*, 85 AD3d 795, 797 [2011]; *Matter of Ruggiero v Noe*, 77 AD3d 959, 961 [2010]).

Here, the Family Court's determination that a modification of the parties' child custody arrangement so as to award the father sole legal and physical custody of the subject child was in the child's best interests is not supported by a sound and substantial basis in the record. Under the circumstances of this case, the father's relocation closer to both the child's school and the mother's home was not a change in circumstances sufficient to

warrant a change in the parties' custody arrangement. Further, although there was some evidence that the mother had interfered with the father's relationship with the parties' child in an attempt to marginalize rather than foster the parent-child bond, we conclude that her behavior was not sufficient to warrant a change of custody at this time (*see Matter of Ross v Ross*, 96 AD3d 856, 857-858 [2012]; *see also Cervera v Bressler*, 90 AD3d 803, 805-806 [2011]). Moreover, the Family Court failed to accord sufficient weight to the child's need for stability and the impact of uprooting her from the mother's residence (*see Matter of Sidorowicz v Sidorowicz*, 101 AD3d 737, 738 [2012]; *see also Matter of Russell v Russell*, 72 AD3d 973, 975 [2010]). Rather, the evidence demonstrated that it would be in the best interests of the now seven-year-old child, who had been in the primary physical custody of the mother since she was approximately 2 1/2 years old, to remain with the mother (*see Cervera v Bressler*, 90 AD3d at 806). Accordingly, the Family Court should have denied that branch of the father's petition which was, in effect, to modify the parties' child custody arrangement so as to award him sole legal and physical custody of the parties' child, with a specified schedule of parenting time for the mother.

In light of our determination, there will be no need for the parties to submit to mediation in order to implement and effectuate the terms of the visitation schedule set by the Family Court. Accordingly, we also reverse so much of the order appealed from as directed the parties each to pay $750 to Community Mediation Services, Inc., which is the authorized community dispute resolution center designated by the Family Court, Queens County, to resolve certain family disputes in that county.

The mother's remaining contentions are either based on matter dehors the record or not properly before this Court. Skelos, J.P., Dickerson, Chambers and Duffy, JJ., concur.