■ In the Matter of CRYSTAL MIDDLETON, Appellant, v VARICK STRINGHAM, Respondent. [13 NYS3d 223]—

Appeal from an order of the Family Court, Westchester County (David Klein, J.), dated November 15, 2014. The order, insofar as appealed from, denied, after a hearing, the mother's petition to modify the custody provisions of a so ordered stipulation dated June 22, 2011, so as to award her sole legal and physical custody of the parties' children and granted the father's cross petition for the same relief. By decision and order on motion dated December 29, 2014, this Court granted the mother's motion to stay enforcement of the order dated November 15, 2014, pending hearing and determination of the appeal.

Ordered that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for further proceedings in accordance herewith; and it is further,

Ordered that pending further order of the Family Court, Westchester County, the mother shall have temporary custody of the children, to maintain the status quo, and the father shall have visitation with the children pursuant to the applicable provisions of the parties' so-ordered stipulation dated June 22, 2011, or as the parties may otherwise agree.

By a so-ordered stipulation dated June 22, 2011 (hereinafter the stipulation), the parties agreed to a joint legal custody arrangement regarding their two children, with physical custody to the mother and liberal parenting time to the father. The parties were divorced by a judgment of divorce entered January 10, 2012. In August 2012, the mother filed a petition to modify the stipulation so as to award her sole legal and physical custody of the children, and the father cross-petitioned for the same relief. After a hearing at which the parties and two of their parent coordinators testified, the Family Court denied the mother's petition, granted the father's cross petition, and modified the stipulation so as to award the father sole legal and physical custody of the subject children.

To warrant modification of an existing child custody order, there must be a showing of a change in circumstances, such that the modification is required to protect the best interests of the child (*see* Family Ct Act § 652 [a]; *Matter of Cortez v Cortez*, 111 AD3d 717, 717 [2013]; *Matter of Morillo v Nunez*, 91 AD3d 875 [2012]; *White v Mazzella-White*, 84 AD3d 1068 [2011]; *Matter of Chabotte v Faella*, 77 AD3d 749 [2010]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Cortez v Cortez*, 111 AD3d at 717; *Matter of Griffin v Moore-James*, 104 AD3d 685 [2013]; *Matter of Sidorowicz v Sidorowicz*, 101 AD3d 737 [2012]).

"In custody matters, the credibility determinations of the Family Court are entitled to deference, as the Family Court was in the best position to evaluate the credibility of witnesses" (*Matter of Cortez v Cortez*, 111 AD3d at 717; *see Matter of Laura C. [Eduardo C.]*, 108 AD3d 666 [2013]; *Matter of Pietrafesa v Pietrafesa*, 108 AD3d 557 [2013]). However, the authority of an appellate court is as broad as that of the Family Court (*see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 947 [1985]; *Matter of Ellis v Burke*, 108 AD3d 764 [2013]; *Matter of*

*Edwards v Rothschild*, 60 AD3d 675 [2009]), and "[a]n appellate court would be seriously remiss if, simply in deference to the finding of a Trial Judge, it allowed a custody determination to stand where it lack[ed] a sound and substantial basis in the record" (*Matter of Gloria S. v Richard B.*, 80 AD2d 72, 76 [1981]; *see Matter of Cortez v Cortez*, 111 AD3d at 717; *Matter of Iams v Estate of Iams*, 106 AD3d 910 [2013]; *Matter of Moran v Cortez*, 85 AD3d 795, 797 [2011]; *Matter of Ruggiero v Noe*, 77 AD3d 959, 961 [2010]).

In adjudicating the mother's petition and the father's cross petition for sole custody, the Family Court was required to determine whether the parents' interaction was so acrimonious that it effectively precluded them from joint decision-making (*see Matter of Arndt v Arndt*, 100 AD3d 879, 880 [2012]; *Matter of Schweizer v Jablesnik*, 95 AD3d 1341 [2012]), and if so, to award sole custody to whichever parent serves the best interests of the children (*see Angelova v Ruchinsky*, 126 AD3d 828, 829 [2015]).

Here, the Family Court's determination that it was in the best interests of the children to award sole custody to the father lacked a sound and substantial basis in the record (*see Matter of Shannon J. v Aaron P.*, 111 AD3d 829, 830-831 [2013]). The custody hearing concluded on May 15, 2014, over 20 months after the mother's petition was filed, and the order appealed from was issued 6 months after that. For the most part, the evidence at the hearing was focused upon allegations, events, and circumstances relating to the period of time that preceded the filing of the petition and cross petition, and the parents' acrimonious relationship with each other, with limited evidence about the children's more current circumstances and best interests. Also, under the unique facts of the case, and despite the children's relatively young ages, the court should have conducted in camera interviews with the children. Accordingly, we find that a new hearing is warranted to allow the court to elicit more up-to-date evidence and to conduct in camera interviews with the children (*see Matter of Verona Jonice N.*, 177 AD2d 115, 119 [1992]), followed by a new determination of the petition and cross petition. The hearing, in camera interviews, and new determination should be done with all convenient speed. Dillon, J.P., Chambers, Hall and Duffy, JJ., concur.