(February 24, 2016)

■ Anonymous 2011-1, Respondent, v Anonymous 2011-2, Appellant. [26 NYS3d 203]—

Appeal from an order of the Supreme Court, Nassau County (Sondra K. Pardes, J.), dated April 24, 2015. The order, after a hearing, granted the mother's motion to modify the joint custody provisions of a judgment of divorce dated September 6, 2011, so as to award her primary residential custody of the parties' children, and denied the father's motion to modify the judgment of divorce so as to award him sole decision-making authority with respect to the children.

Ordered that the order is affirmed, with costs.

The parties have two children, a daughter, born in March 1999, and a son, born in September 2003. In a separation agreement dated April 2, 2010, which was incorporated but not merged into the parties' judgment of divorce, the parties agreed to share residential custody of the children on alternating weeks. Shortly after the divorce was finalized, the mother moved to modify the joint custody provisions of the judgment of divorce so as to award her sole custody, claiming that there had been a change in circumstances. The Supreme Court denied the motion without a hearing. On appeal, this Court found that the mother established that she was entitled to a hearing on her motion, and remitted the matter to the Supreme Court for the appointment of an attorney for the children and, thereafter, for a hearing and a new determination (*see Anonymous 2011-1 v Anonymous 2011-2*, 102 AD3d 640 [2013]).

While the hearing was underway, both parties filed emergency orders to show cause based on circumstances that arose after the hearing had begun. In her motion, the mother sought, inter alia, an award of temporary residential custody of the children. In his motion, the father sought, inter alia, sole decision-making authority concerning the children. Both parties and the attorney for the children asked for a forensic evaluation to be performed.

On April 3, 2014, the Supreme Court ordered a forensic evaluation of the parties, the children, and any necessary third parties, scheduled an in camera conference with the children, and adjourned the hearing pending the conclusion of the forensic evaluation. The court also took note of the fact that both parties now alleged "a dramatic change in circumstance in their children's emotional and physical condition so as to warrant an immediate change of custody, and/or parental decision making." Based on the parties' affidavits, the court held, in effect, "that there has been a sufficient change in circumstances to warrant a determination as to whether modifying the provisions of the agreement is in the best interests of the children." Neither party challenges the Supreme Court's finding of changed circumstances.

After the hearing was concluded, in the order appealed from, the Supreme Court awarded the mother primary residential custody of the children. The court awarded the father visitation with the children on alternating weekends and, in the weeks preceding the mother's weekends, visitation with the son from Wednesday until Friday, and directed that the daughter would have "the option to spend either Wednesday

night or Thursday night, or both, at the father's home." The court further directed that the parties were to continue to have joint legal custody and joint decision-making authority. The father appeals, contending, inter alia, that the Supreme Court erred in modifying the judgment of divorce so as to award the mother primary residential custody, and in denying his motion for an award of sole decision-making authority with respect to the children.

In determining whether a custody agreement that was incorporated into a judgment of divorce should be modified, the paramount issue before the court is whether, under the totality of the circumstances, a modification of custody is in the best interests of the child (*see Matter of Honeywell v Honeywell*, 39 AD3d 857, 858 [2007]; *Cuccurullo v Cuccurullo*, 21 AD3d 983, 984 [2005]).

To determine whether modification of a custody arrangement is in the best interests of the child, the court must weigh several factors of varying degrees of importance, including, inter alia, (1) the original placement of the child, (2) the length of that placement, (3) the child's desires, (4) the relative fitness of the parents, (5) the quality of the home environment, (6) the parental guidance given to the child, (7) the parent's financial status, (8) his or her ability to provide for the child's emotional and intellectual development, and (9) the willingness of the parent to assure meaningful contact between the child and the other parent (*see McAvoy v Hannigan*, 107 AD3d 960, 962-963 [2013]; *Matter of Mingo v Belgrave*, 69 AD3d 859, 859-860 [2010]; *Cuccurullo v Cuccurullo*, 21 AD3d at 984).

Weighing the factors relevant to any custody determination requires an evaluation of the credibility and sincerity of the parties involved. Therefore, the hearing court's credibility findings are accorded deference and its custody determinations will not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of Jackson v Coleman*, 94 AD3d 762, 763 [2012]; *Matter of Buxenbaum v Fulmer*, 82 AD3d 1223, 1224 [2011]). However, the authority of an appellate court is as broad as that of the trial court (*see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 947 [1985]; *Matter of Ellis v Burke*, 108 AD3d 764 [2013]), and an appellate court would be seriously remiss if, simply in deference to the finding of a trial judge, it allowed a custody determination to stand where it lacked a sound and substantial basis in the record (*see Matter of Middleton v Stringham*, 130 AD3d 627, 629 [2015]; *Matter of Cortez v Cortez*, 111 AD3d 717 [2013]; *Matter of Iams v Estate of Iams*, 106 AD3d 910, 911 [2013]).

Here, viewing the totality of the circumstances, there is a sound and substantial basis for the Supreme Court's determination that it is in the best interests of the children for the mother to be awarded primary residential custody. Particularly relevant in this case are the clearly stated preferences of the children, especially considering their age and maturity, and the quality of the home environment provided by the mother (*see Matter of Manfredo v Manfredo*, 53 AD3d 498, 500 [2008]; *Matter of O'Connor v Dyer*, 18 AD3d 757 [2005]).

Moreover, under the circumstances of this case, the Supreme Court did not err in denying the father's motion for an award of sole decision-making authority with respect to the children, and continuing instead the existing provisions of the judgment of divorce, which call for joint legal custody and joint decision-making authority. While ordinarily it is not appropriate to award joint legal custody and decision-making authority where the parties are antagonistic toward one another (*see Irizarry v Irizarry*, 115 AD3d 913 [2014]), in this case, the record supports the court's finding that, despite their antagonism, the parties have been able to agree on most decisions concerning the children (*see Matter of Thorpe v Homoet*, 116 AD3d 962, 963 [2014]). Moreover, the record supports the court's finding that if either parent were awarded sole decision-making authority, there would be a danger that it would be used to exclude the other parent from meaningful participation in the children's lives. In addition, the court appointed a parenting coordinator, who can assist the parents in resolving any disputes they may have concerning decisions about the children.

We reject the father's contention that the Supreme Court erred in giving the daughter discretion with respect to her mid-week visitation with him. It is true that awarding visitation to a parent conditioned on the child's wishes is disfavored where it "tends unnecessarily to defeat the right of visitation" (*Mahler v Mahler*, 72 AD2d 739, 739 [1979]; *see Matter of Kristine Z. v Anthony C.*, 21 AD3d 1319, 1321 [2005]; *Pincus v Pincus*, 138 AD2d 687, 688 [1988]). However, in this case, the Supreme Court awarded the father mid-week visitation with the daughter in the weeks before the mother's weekends, with the daughter to have "the option to spend either Wednesday night or Thursday night, or both, at the father's home." Contrary to the father's contention, while the provision confers upon the daughter a limited measure of flexibility regarding the timing and duration of her mid-week visitation with the father, it does not tend unnecessarily to defeat the right of visitation.

The father's remaining contentions are without merit.
Mastro, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.