JONATHAN REICH, Appellant, v DENISE MOSES REICH, Respondent. [34 NYS3d 483]—

Appeal from an order of the Supreme Court, Queens County (Anna Culley, J.), dated July 31, 2015. The order, insofar as appealed from, after a hearing, granted those branches of the defendant's motion which were for temporary sole legal custody of the subject child and to modify a prior order of that court dated February 25, 2015, so as to reduce the plaintiff's visitation with the subject child.

Ordered that the order dated July 31, 2015, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the defendant's motion which was to modify the order dated February 25, 2015, so as to reduce the plaintiff's visitation with the subject child, and substituting therefor a provision denying that branch of the motion; as so modified, the order dated July 31, 2015, is affirmed insofar as appealed from, without costs or disbursements.

The parties have one son, born in December 2014. Shortly after the plaintiff commenced this action for a divorce and ancillary relief, the Supreme Court issued an order dated February 25, 2015, which set forth a visitation schedule but did not include a temporary custody determination. In July 2015, the defendant moved for temporary sole custody of the child and to modify the order so as to direct that the plaintiff would have supervised visitation with the child. Following a hearing, the court granted her motion to the extent that she was awarded temporary sole legal custody of the child and the plaintiff's visitation was reduced. The plaintiff appeals.

In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the child, which requires an evaluation of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Middleton v Stringham, 130 AD3d 627, 628 [2015]; Assini v Assini, 11 AD3d 417, 418 [2004]). Custody determinations are ordinarily a matter for the hearing court, and its determination will not be set aside unless it lacks a sound and substantial basis in the record (see Matter of Chamas v Carino, 119 AD3d 564 [2014]). Here, the Supreme Court's determination to award temporary sole legal custody to

the defendant has a sound and substantial basis in the record. Contrary to the plaintiff's contention, the defendant was not required to show a change in circumstances because there was no initial custody determination (*see Matter of Quinones v Gonzalez*, 79 AD3d 893, 894 [2010]; *Matter of Khaykin v Kanayeva*, 47 AD3d 817 [2008]).

However, the Supreme Court improvidently exercised its discretion in modifying the visitation schedule set forth in the prior order. To warrant modification of an existing visitation order, there must be a showing of a change in circumstances such that modification is required to ensure the continued best interests of the child (*see Maynard v Maynard*, 138 AD3d 794, 795 [2016]; *White v Mazzella-White*, 84 AD3d 1068, 1069 [2011]; *Matter of Molinari v Tuthill*, 59 AD3d 722, 723 [2009]). Here, the defendant did not present any evidence that the visitation schedule negatively affected the child or any evidence suggesting that reducing the plaintiff's visitation would further the child's best interests. Under these circumstances, the defendant failed to demonstrate a sufficient change in circumstances to warrant modification of the visitation schedule set forth in the prior order. Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was to reduce the plaintiff's visitation (*cf. Matter of Gorniok v Zeledon-Mussio*, 82 AD3d 767, 769 [2011]; *see generally Matter of Fitje v Fitje*, 87 AD3d 599, 600 [2011]; *Matter of Roody v Charles*, 283 AD2d 945 [2001]). Rivera, J.P., Cohen, Maltese and LaSalle, JJ., concur.