Matter of Burrell v West (2018 NY Slip Op 05157)





Matter of Burrell v West


2018 NY Slip Op 05157


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2017-03627
2017-03629
 (Docket Nos. V-8084-08/16M, V-8085-08/16P/16Q, V-8086-08/16M)

[*1]In the Matter of Michael Burrell, respondent,
v
Heather West, appellant.


Heather A. Fig, Bayport, NY, for appellant.
Lynn Poster-Zimmerman, P.C., Huntington, NY, for respondent.
David M. Johnson, Patchogue, NY, attorney for the child.



DECISION & ORDER
In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Suffolk County (Jeffrey Arlen Spinner, J.), dated February 2, 2017, and (2) an order of protection of the same court, also dated February 2, 2017. The order, after a hearing, granted the father's petition and, in effect, modified the parties' judgment of divorce, entered February 8, 2011, so as to provide that the father would have sole decision-making authority as to any school or residential treatment facility that the parties' children would attend, that the mother would have access to the children's educational, social, religious, and/or medical status only upon the express permission of the father and the appropriate facility or organization, and that neither party would disseminate by any means whatsoever any matters relating to the oldest child's medical condition, and granted the father's separate petition to prohibit the mother from having any further discussion or communication with that child concerning her parental access. The order of protection prohibited the mother from having any contact with that child except for supervised parental access, and from having any contact with any educational or other institution which that child might attend.
ORDERED that the orders are affirmed, without costs or disbursements.
In this child custody proceeding, the parties have three children together. They were divorced by judgment entered February 8, 2011, and the judgment incorporated the terms of a stipulation of settlement dated February 8, 2010.
The parties' oldest child presently receives education and psychiatric treatment at a residential facility in Colorado. The mother contends on appeal that the Family Court erred in granting the father's petitions seeking certain modifications to the terms of the parties' custody and parental access arrangement, which were designed to prevent the mother from interfering with that child's education and psychiatric treatment and from attempting to influence that child's wishes regarding whether the mother's parental access should be supervised or unsupervised.
The mother's conduct constituted a change of circumstances warranting a modification of the terms of custody and parental access, in order to ensure the best interests of the oldest child (see Matter of Bacchus v McGregor, 147 AD3d 1049; Reich v Reich, 140 AD3d 1050; Matter of Peralta v Irrizary, 91 AD3d 877). The mother's actions were not in the best interests of that child, which is the most important consideration in determining custody and parental access (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Santano v Cezair, 106 AD3d 1097; Matter of Luizzi v Collins, 60 AD3d 1062). The Family Court found the mother's testimony to lack credibility. That court's credibility determination is entitled to great weight, and its custody and parental access determination should not be disturbed, as there is a sound and substantial basis in the record for the determination (see Matter of Edwards v Edwards, 161 AD3d 979; Matter of Scully v Lent, 152 AD3d 700; Matter of Gibson v Greene, 152 AD3d 592). An order of protection pursuant to Family Court Act § 656 was warranted, as continued interference by the mother with the oldest child's treatment at the residential facility and the mother's continued attempts to influence that child's wishes as to parental access posed a risk to his health, safety, and welfare.
The mother's contention that the father's notice to admit was defective and it, and the documents annexed to it, should not have been considered by the Family Court is not properly before this Court as she did not object to the admission into evidence of the notice to admit or any of the attached exhibits (see Risucci v Homayoon, 122 AD2d 260). In any event, her contention is without merit, as the notice to admit did not seek admissions as to any contested ultimate issues (cf. HSBC Bank USA, N.A. v Halls, 98 AD3d 718; Sagiv v Gamache, 26 AD3d 368; Rubino v City of New York, 209 AD2d 681).
The mother's remaining contentions are without merit.
SCHEINKMAN, P.J., BALKIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court