Matter of Davis v Romao (2025 NY Slip Op 02772)

Matter of Davis v Romao

2025 NY Slip Op 02772

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2022-02966
 (Docket Nos. V-10200-14/19G, V-10200-14/19H, V-10200-14/20J)

[*1]In the Matter of Julian Davis, appellant,
v
Chloe Romao, respondent.

Arza R. Feldman, Manhasset, NY, for appellant.
Thomas J. Butler, Melville, NY, for respondent.
Stephen R. Hellman, Wantagh, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Matthew Hughes, J.), dated March 24, 2022. The order, after a hearing, in effect, denied the father's petition to modify a prior order of the same court (Heather P.S. James, Ct. Atty. Ref.) dated July 17, 2017, so as to award him sole physical custody of the parties' child, and in effect, denied the father's amended petition alleging that the mother violated certain provisions of the order dated July 17, 2017.
ORDERED that the order dated March 24, 2022, is affirmed, without costs or disbursements.
The parties, who were never married, have one child together, born in 2013. Pursuant to an order dated July 17, 2017 (hereinafter the 2017 order), issued on consent, the parties were awarded joint legal custody of the child, with residential custody to the mother and certain parental access to the father.
In March 2019, the father filed a petition to modify the 2017 order so as to award him sole physical custody of the child. The father also filed a petition, which he thereafter amended in January 2020, alleging that the mother violated certain provisions of the 2017 order. In an order dated March 24, 2022, the Family Court, after a hearing and an in camera interview with the child, in effect, denied the modification petition and, in effect, denied the amended violation petition. The father appeals.
"'A party seeking modification of an existing custody arrangement must show the existence of such a change in circumstances that modification is required to ensure the continued best interests of the child'" (Matter of Connell-Charleus v Charleus, 192 AD3d 890, 890, quoting Matter of Sidorowicz v Sidorowicz, 101 AD3d 737, 738). "The best interests of the children are determined by a review of the totality of the circumstances, including the existence of a prior agreement, the quality of the home environment and the parental guidance provided, the ability of each parent to provide for the children's emotional and intellectual development, financial status and [*2]ability of each parent to provide for the children, the relative fitness of the respective parents, and the length of time the present custody arrangement has been in effect" (Matter of Mercedes v Mercedes, 187 AD3d 1190, 1190-1191; see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Connolly v Walsh, 126 AD3d 691, 693). "Priority in custody disputes should usually be given to the parent who was first awarded custody . . . because this policy assures stability in the child's life" (Matter of Ross v Ross, 96 AD3d 856, 857 [internal quotation marks omitted]). Thus, "[w]hen . . . there is no indication that a change of custody will result in significantly enhancing the child's welfare, it is generally considered in the child's best interests not to disrupt his [or her] life" (Matter of Salvati v Salvati, 221 AD2d 541, 543; see Gonzalez v Gonzalez, 17 AD3d 635, 636). "Since the Family Court's determination with respect to custody and parental access depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Daclin-Goyatton v Cousins, 225 AD3d 694, 695).
Contrary to the father's contention, the Family Court's determination that he failed to show a change in circumstances sufficient to warrant a change of custody was supported by a sound and substantial basis in the record. Although there was evidence that the mother had interfered with the father's parental access on occasion, those issues do not warrant a change of custody (see Matter of Quinones v Quinones, 139 AD3d 1072, 1074; Matter of Lombardi v Valenti, 120 AD3d 817, 819; Matter of Ross v Ross, 96 AD3d at 857-858). Although there was evidence that the mother did not notify the father prior to the enrollment of the child in therapy, under the circumstances of this case, the mother's behavior was not sufficient to warrant a change of custody at this time (see Matter of Lombardi v Valenti, 120 AD3d at 819; Matter of Ross v Ross, 96 AD3d at 857-858). The evidence established that both parents are fit, and there was nothing to suggest "that the father was a more fit parent or that he would be able to provide a better home environment or better care for the child" (Matter of Ross v Ross, 96 AD3d at 858 [alteration and internal quotation marks omitted]).
"To establish a willful violation of a Family Court order, the petitioner has the burden of proving his or her case by clear and convincing evidence" (Matter of Palazzolo v Giresi-Palazzolo, 138 AD3d 866, 867). "The [petitioner] must establish that: (1) a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) the [petitioner] was prejudiced by the offending conduct" (Matter of Morales v Diaz, 233 AD3d 1033, 1038 [internal quotation marks omitted]). Under the circumstances presented, the Family Court properly determined that the father failed to demonstrate that the mother willfully violated the provisions of the 2017 order (see Matter of Ramsey v Faustin, 213 AD3d 942, 943; Matter of Quattrochi v Negri, 187 AD3d 921; Matter of Lupo v Rainsford, 162 AD3d 1032, 1033).
IANNACCI, J.P., GENOVESI, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court