█ In the Matter of IRA S., Respondent, v LAUREN S., Appellant. In the Matter of the Custody of MAX S. and Another, Infants. LAUREN S., Appellant; NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [805 NYS2d 17]—

Orders, Family Court, Bronx County (Carol Ann Stokinger, J.), entered on or about July 9, 2002, October 30, 2002, December 15, 2003 and December 10, 2004, which, inter alia, discontinued family therapy until respondent mother meaningfully engaged in individual therapy, awarded custody of the par-

ties' son to petitioner father, and denied the mother's request for a hearing into the father's relocation out of state with the son, unanimously affirmed, without costs.

We decline to review Bronx County Family Court's order, entered on or about March 24, 1999 (John M. Hunt, J.), which, in a neglect proceeding, after a hearing pursuant to Family Court Act § 1028, inter alia, denied the mother's application for return of the son to her home. No appeal was taken directly from this intermediate order, although allowed (Family Ct Act § 1112 [a]), and the issues addressed at the section 1028 hearing had no effect on the final result in the article 10 proceeding (CPLR 5501 [a] [1]), which was dismissed as unnecessary on the basis of the disposition in the instant custody proceeding (Family Ct Act § 1051 [c]). The orders of July 9 and October 30, 2002 were not vague or otherwise improper, given a record showing that the mother was resistant to any sort of therapy, and that supervised visits were in the son's best interests until such time as the mother engaged in individual therapy and otherwise meaningfully addressed the issues raised in the neglect petition, namely, her methods of discipline. The record contains no support for the mother's contention that she was denied due process at the custody hearing resulting in the order of December 15, 2003, and indeed shows that, to the contrary, she was given great leeway in consideration of her pro se status.

In the order of December 10, 2004, Family Court properly refused to conduct a hearing into the father's relocation out of state with the son, where the court had already determined that the best interests of the then 17-year-old son was for him to remain in the father's custody, and the mother had no visitation rights but only the right to telephone or e-mail the son, which, it appears, she had not done. Therefore, the relocation could have had no adverse effect on visitation. No basis exists to disturb Family Court's finding that it is the respective best interests of the children that the mother have custody of the parties' daughter and the father have custody of the son (*see Eschbach v Eschbach*, 56 NY2d 167, 172-173 [1982]). In addition, since there is no indication that the children's interests were conflicting, each having expressed a desire to live with a different parent, there was no need for the appointment of separate law guardians. We have considered the mother's other contentions and find them to be unavailing. Concur—Tom, J.P., Andrias, Friedman, Sullivan, Malone, JJ.