In the Matter of SIMEON MINGO, Respondent, v HOLLY BELGRAVE, Appellant. (Proceeding No. 1.) In the Matter of HOLLY BELGRAVE, Appellant, v SIMEON MINGO, Respondent. (Proceeding No. 2.) [893 NYS2d 248]—

Pursuant to an order of the Family Court, Kings County (Weinstein, J.), dated February 17, 1999, made on the consent of the parties, the mother was awarded custody of the parties' daughter, Shania, and the father was awarded visitation. In April 2004 the father discovered a mark on Shania's head and Shania told him that her mother had hit her. The father moved for and obtained temporary custody. Subsequently, the Administration for Children's Services found the report of abuse arising from that incident to be unfounded. However, Shania remained in her father's custody. Following a fact-finding hearing on, inter alia, the father's petition, in effect, to modify the order dated February 17, 1999, the court granted the petition and awarded sole custody to the father and visitation to the mother. The mother appeals.

Where the parents enter into an agreement concerning custody, that agreement will not be modified unless there is a sufficient change in circumstances since the time of the agreement and unless modification of the custody arrangement is in the best interests of the child (see Baker v Baker, 66 AD3d 722 [2009]; Matter of Said v Said, 61 AD3d 879, 880 [2009]). In order to determine whether modification of a custody arrangement is in the best interests of the child, the court must weigh several factors of varying degrees of importance, including, inter alia, (1) the original placement of the child, (2) the length of that placement, (3) the child's desires, (4) the relative fitness of the parents, (5) the quality of the home environment, (6) the parental guidance given to the child, (7) the parent's financial status, (8) his or her ability to provide for the child's emotional and intellectual development, and (9) the willingness of the par-

ent to assure meaningful contact between the child and the other parent (*see Cuccurullo v Cuccurullo,* 21 AD3d 983, 984 [2005]).

Here, Shania has lived with her father for the last approximately 3¹/₂ years and is thriving in that environment. Thus, a sufficient change in circumstances has occurred since the order dated February 17, 1999, to justify modifying that order. Moreover, modification of that order is in Shania's best interests, since the father is the parent more likely to assure Shania's meaningful contact with the noncustodial parent (*see Young v Young,* 212 AD2d 114, 122-123 [1995]). Furthermore, the father is better able to provide for Shania's financial, emotional, and educational needs.

The Family Court did not err in admitting testimony which impeached the mother's credibility regarding her employment status, because her employment status was not collateral to the issues in this case (*see Badr v Hogan,* 75 NY2d 629, 635 [1990]). Moreover, although the court may have erred in admitting certain testimony as to a collateral matter, any error was not prejudicial because there was a sound and substantial basis in the record for the Family Court's custody determination without consideration of the improperly-admitted testimony (*see Matter of Taylor v Taylor,* 62 AD3d 1015 [2009]; *Matter of Tercjak v Tercjak,* 49 AD3d 772 [2008]). Skelos, J.P., Dickerson, Lott and Roman, JJ., concur.