■ In the Matter of Benjamin Mack, Respondent, v Danielle Kass, Appellant. [981 NYS2d 593]—

In a custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Kings County (Krauss, J.), dated June 28, 2012, as, after a hearing, granted the father's petition to modify a prior order of custody so as to award him sole legal and residential custody of the parties' child.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties have one child, who was born in 2003. Pursuant to an order dated March 3, 2008, entered on the consent of the parties, the parties, who were never married, were awarded joint custody of the child, with the mother having residential custody. In a petition dated February 24, 2010, the father sought to modify the order, alleging, inter alia, that the child was having behavioral problems in school and was being suspended often, and that the mother was not adequately dealing with the problems and was allowing the child to be absent from school. After a hearing, the Family Court granted the petition and awarded sole legal and residential custody to the father.

"A court may modify an order awarding custody and visitation upon a showing that there has been a subsequent change of circumstances and that modification is in the best interests of

the child" (*Matter of Sinnott-Turner v Kolba*, 60 AD3d 774, 775 [2009]). The best interests of the child must be determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]). "Since any custody determination depends to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Skeete v Hamilton*, 78 AD3d 1187, 1188 [2010]).

Here, there was a change in circumstances such that a modification was required to protect the best interests of the child. The Family Court's determination as to the best interests of the child, made after a hearing in which the court heard testimony from the parties, the child's paternal grandmother, the forensic evaluator, a child protective specialist from the Administration for Children's Services, and school personnel, has a sound and substantial basis in the record and, accordingly, will not be disturbed (*see id.*). Mastro, J.P., Dickerson, Lott and Hinds-Radix, JJ., concur.