■ In the Matter of RICHARD A. BROWNELL, JR., Appellant, v WENDY MANEMEIT, Respondent. (Proceeding No. 1.) In the Matter of WENDY MANEMEIT, Respondent, v RICHARD A. BROWNELL, JR., Appellant. (Proceeding No. 2.) [35 NYS3d 729]—

Appeal by the father from an order of the Family Court, Suffolk County (Heather P. S. James, Ct. Atty. Ref.), dated August 21, 2015. The order, after a hearing, denied the father's petition to modify the custody provisions of the parties' stipulation of settlement so as to award him sole legal and physical custody of the parties' child, granted the mother's petition to modify the custody provisions of the stipulation of settlement so as to award her sole legal and physical custody of the child, and provided that the father's wife not supervise the child during periods of visitation.

Ordered that the order is affirmed, with costs.

In a stipulation of settlement which was incorporated but not merged into the parties' judgment of divorce entered March 24, 2011, the parties agreed to joint legal custody of their child, with shared residential custody. In September 2014, the father petitioned to modify the custody provisions of the stipulation so as to award him sole legal and physical custody of the child. The mother filed a petition for the same relief as to her. In an order dated August 21, 2015, the Family Court denied the father's petition, granted the mother's petition, and awarded certain visitation to the father. The father appeals.

In determining whether a custody agreement that was incorporated into a judgment of divorce should be modified, the paramount issue before the court is whether, under the totality of the circumstances, a modification of custody is in the best interests of the child (*see Anonymous 2011-1 v Anonymous*

*2011-2*, 136 AD3d 946 [2016]; *Matter of Honeywell v Honeywell*, 39 AD3d 857 [2007]; *Cuccurullo v Cuccurullo*, 21 AD3d 983 [2005]). To determine whether modification of a custody arrangement is in the best interests of the child, the court must weigh several factors of varying degrees of importance, including, inter alia, (1) the original placement of the child, (2) the length of that placement, (3) the child's desires, (4) the relative fitness of the parents, (5) the quality of the home environment, (6) the parental guidance given to the child, (7) the parent's financial status, (8) his or her ability to provide for the child's emotional and intellectual development, and (9) the willingness of the parent to assure meaningful contact between the child and the other parent (*see Anonymous 2011-1 v Anonymous 2011-2*, 136 AD3d at 948; *McAvoy v Hannigan*, 107 AD3d 960 [2013]; *Matter of Mingo v Belgrave*, 69 AD3d 859 [2010]; *Cuccurullo v Cuccurullo*, 21 AD3d at 984). Weighing the factors relevant to any custody determination requires an evaluation of the credibility and sincerity of the parties involved. Therefore, the hearing court's credibility findings are accorded deference and its custody determinations will not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of Jackson v Coleman*, 94 AD3d 762 [2012]; *Matter of Buxenbaum v Fulmer*, 82 AD3d 1223 [2011]).

Here, there is a sound and substantial basis for the Family Court's determination that it is in the child's best interests for the mother to be awarded sole custody. Particularly relevant in this case is the clearly stated preference of the child, especially considering her age and maturity, the home environment provided by the mother (*see Matter of Manfredo v Manfredo*, 53 AD3d 498, 500 [2008]; *Matter of O'Connor v Dyer*, 18 AD3d 757 [2005]), and the quality of the relationship between the mother and the child, as compared with the relationship between the father and the child.

In addition, given the demonstrated poor relationship between the child and the father's wife, the Family Court did not improvidently exercise its discretion in directing that, during the periods of the father's visitation with the child, he shall "provide appropriate supervision of [the child] either personally or by a suitable adult relative other than [the father's wife]" (*see generally Matter of Anthony M.P. v Ta-Mirra J.H.*, 125 AD3d 868 [2015]; *Matter of Christina KK. v Kathleen LL.*, 119 AD3d 1000, 1002 [2014]). Leventhal, J.P., Roman, Sgroi and LaSalle, JJ., concur.