■ In the Matter of KRISTEN L. ZALL, Appellant, v WAYNE M. THEISS, Respondent. [40 NYS3d 555]—

Appeal by the mother from stated portions of an order of the Family Court, Dutchess County (Denise M. Watson, J.), dated May 7, 2015. The order, after a hearing, among other things, in effect, denied the mother's petition to modify a prior order of custody entered on consent so as to award her sole legal and

physical custody of the parties' child, and granted the father's cross petition for the same relief to the extent of awarding him primary residential custody of the child and final decision-making authority with respect to the child.

Ordered that the order is affirmed, without costs or disbursements.

The mother and the father, who were never married, have one son together. In 2011, an order of custody was entered on consent, in which the parties agreed that they would share legal custody of the child, but that he would live primarily with the mother. In 2013, the parties agreed to modify the 2011 order by sharing physical custody of the child on an alternating weekly basis. After the 2013 order was entered, the parties' relationship deteriorated significantly. In June 2014, the mother filed a petition to modify the 2013 order so as to award her sole legal and physical custody of the child. The father filed a cross petition for the same relief. After a five-day hearing at which the parties and others testified, the Family Court awarded the father primary residential custody of the child and final decision-making authority with respect to the child, with the direction that he consult the mother prior to making nonemergency decisions for the child. The mother appeals.

Contrary to the mother's contention, the Family Court did not err in awarding the father primary residential custody of the child and final decision-making authority. "To warrant modification of an existing court-sanctioned child custody arrangement, there must be a showing of a change in circumstances, such that the modification is required to protect the best interests of the child" (*Matter of Cortez v Cortez*, 111 AD3d 717, 717 [2013]; *see Matter of Moore v Gonzalez*, 134 AD3d 718, 719 [2015]). In determining whether such a change has occurred, the court should consider the totality of the circumstances, including "whether the alleged change in circumstances suggests that one of the parties is unfit to parent, the nature and quality of the relationships between the child and each of the parties, the ability of each parent to provide for the child's emotional and intellectual development, the parental guidance that the custodial parent provides for the child, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Matter of Connolly v Walsh*, 126 AD3d 691, 693 [2015]; *see Matter of Ruiz v Sciallo*, 127 AD3d 1205, 1206 [2015]).

Here, the continued deterioration of the parties' relationship to the point that they can only communicate by email or text message is a change in circumstances warranting a change in

the joint custody arrangement (*see Martin v Martin*, 139 AD3d 916, 917 [2016]; *Matter of Florio v Niven*, 123 AD3d 708, 710 [2014]). Joint custody is appropriate between relatively stable, amicable parents who behave in a mature and civilized fashion (*see Braiman v Braiman*, 44 NY2d 584, 589-590 [1978]; *Irizarry v Irizarry*, 115 AD3d 913, 914 [2014]). However, it is inappropriate where, as here, the parties are antagonistic toward each other and have demonstrated an inability to cooperate on matters concerning the child (*see Matter of Moore v Gonzalez*, 134 AD3d at 720; *Matter of Florio v Niven*, 123 AD3d at 710). Viewing the totality of the circumstances, there is a sound and substantial basis for the Family Court's decision that it is in the child's best interests for the father to be awarded primary residential custody (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Anonymous 2011-1 v Anonymous 2011-2*, 136 AD3d 946, 949 [2016]), and final decision-making authority (*see Prohaszka v Prohaszka*, 103 AD3d 617, 617 [2013]; *Matter of Vialardi v Vialardi*, 67 AD3d 921, 921 [2009]). Chambers, J.P., Dickerson, Duffy and Connolly, JJ., concur.