■ In the Matter of ERNEST HARRISON, SR., Respondent, v CAPRICIA McCLELLAN, Appellant. [53 NYS3d 548]—

Appeal by the mother from an order of the Family Court, Westchester County (Hal B. Greenwald, J.), dated July 30, 2015. The order, after a hearing, granted the father's petition to modify an order of custody so as to award him sole physical custody of the child.

Ordered that the order is affirmed, without costs or disbursements.

By order dated May 6, 2003, the parties were awarded joint legal custody of their child and the mother was awarded sole physical custody. In March 2014, the father filed a petition to modify the order so as to award him sole physical custody of the child. In an order dated July 30, 2015, the Family Court, after a hearing, and after conducting in-camera interviews with the child, granted the father's petition and awarded him sole physical custody. The mother appeals.

Where modification of an existing custody arrangement is sought, the petitioner must make a showing that there has been a change in circumstances such that modification is necessary to protect the best interests of the child (*see Matter of Scott v Powell*, 146 AD3d 964, 965 [2017]; *Matter of Zall v Theiss*, 144 AD3d 831, 832 [2016]; *Matter of Lao v Gonzales*, 130 AD3d 624, 624-625 [2015]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171-173 [1982]; *Anonymous 2011-1 v Anonymous 2011-2*, 136 AD3d 946, 948 [2016]; *McAvoy v Hannigan*, 107 AD3d 960, 962-963 [2013]). Since the Family Court's determination with respect to custody and visitation depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, deference is accorded to its findings in this regard, and such findings will not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of Estrada v Palacios*, 148 AD3d 804 [2017]; *Matter of Hargrove v Langenau*, 138 AD3d 846, 847 [2016]; *Matter of Saldana v Lopresti*, 133 AD3d 669, 670 [2015]; *Matter of Mack v Kass*, 115 AD3d 748, 749 [2014]).

Here, contrary to the mother's contention, the Family Court's determination that there was a change in circumstances requiring a transfer of physical custody to the father in order to ensure the child's best interests has a sound and substantial basis in the record and, therefore, will not be disturbed (*see*

*Eschbach v Eschbach*, 56 NY2d at 173-174; *Matter of DeVita v DeVita*, 143 AD3d 981, 982-983 [2016]; *Matter of Rosenblatt v Rosenblatt*, 129 AD3d 1091, 1092-1093 [2015]).

The mother's remaining contentions are without merit. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.