Appeal by the mother from an order of the Family Court, Suffolk County (Kerri N. Lechtrecker, Ct. Atty. Ref.), dated November 17, 2016. The order, insofar as appealed from, upon a decision dated August 29, 2016, made after a hearing, granted that branch of the father’s petition which was to modify the parties’ stipulation of settlement dated September 15, 2014, so as to award him sole residential custody of the parties’ child.
 

 Ordered that on the Court’s own motion, the notice of appeal from the decision dated August 29, 2016, is deemed to be a premature notice of appeal from the order dated November 17, 2016 (see CPLR 5520 [c]); and it is further,
 

 Ordered that the order dated November 17, 2016, is affirmed insofar as appealed from, without costs or disbursements.
 

 The parties, who were never married, are the parents of one child, born in 2008. In 2012, the parties, who were involved in custody proceedings, entered into a stipulation of settlement, in which they agreed to joint legal custody of their child, with the mother having sole residential custody and the father having certain parenting time. In 2014, after the father filed a petition to modify the 2012 stipulation of settlement so as to award him sole residential custody of the child, the parties entered into a second stipulation of settlement dated September 15, 2014, in which they agreed, inter alia, to the same custody and parenting time arrangement as set forth in the 2012 stipulation of settlement. In December 2015, the father filed a petition seeking, among other things, to modify the 2014 stipulation so as to award him sole residential custody of the child. The Family Court, in an order dated November 17, 2016, upon a decision dated August 29, 2016, made after a hearing and an in camera interview with the child, granted that branch of the father’s petition. The mother appeals.
 

 Where modification of an existing court-sanctioned custody arrangement is sought, the petitioner must make a showing that there has been a change in circumstances such that modification of that arrangement is necessary to protect the best interests of the child (see Matter of Scott v Powell, 146 AD3d 964, 965 [2017]; Matter of Zall v Theiss, 144 AD3d 831, 832 [2016]). The best interests of the child are determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171-173 [1982]; McAvoy v Hannigan, 107 AD3d 960, 962-963 [2013]). “The factors to be considered in making a determination with respect to the best interests of the child include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child’s emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child’s relationship with the other parent” (Matter of Oyefeso v Sully, 148 AD3d 710, 712 [2017] [internal quotation marks omitted]). The Family Court’s determination with respect to custody and visitation depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties. Deference is accorded to the court’s credibility findings, and the court’s custody and visitation determinations will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Estrada v Palacios, 148 AD3d 804 [2017]; Matter of Hargrove v Langenau, 138 AD3d 846, 847 [2016]).
 

 Here, the father established a change in circumstances since the parties’ recent stipulation was entered into such that modification of the existing custody arrangement between the parties was necessary to protect the best interests of the child. The record demonstrates, among other things, that the mother had lapses in judgment with respect to the security of weapons in her home, the child had multiple unexcused absences and latenesses at school, and the mother made statements to the child that potentially placed the child in the middle of the parties’ conflict. Accordingly, the Family Court’s determination to award sole residential custody of the child to the father was supported by a sound and substantial basis in the record and will not be disturbed.
 

 Austin, J.P., Sgroi, Hinds-Radix and Ian-nacci, JJ., concur.