Appeals from (1) an order of the Family Court, Suffolk County (Colleen M. Fondulis, Ct. Atty. Ref.), dated June 13, 2016, and (2) an order of that court dated October 31, 2016. The order dated June 13, 2016, after a hearing, granted the mother’s petition to modify the provisions of a stipulation of settlement dated September 18, 2013, so as to award her sole legal and residential custody of the parties’ child, and to permit her to relocate with the child to Colorado. The order dated October 31, 2016, inter alia, set forth a visitation schedule for the father.
 

 Ordered that the orders are affirmed, without costs or disbursements.
 

 The parties were married in 2006, and had a child together in 2008 while they were both serving in the United States Army and stationed in Georgia. In 2012, the family moved to New York when the mother was re-assigned by the Army and the father received a medical discharge. In 2013, the parties entered into a stipulation of settlement that provided that they would share joint legal custody of the child, and each have physical custody of the child for approximately half of each week. In November 2014, the parties were awarded a judgment of divorce, which incorporated, but did not merge, the stipulation of settlement.
 

 In 2015, after the Army re-assigned the mother to Colorado, the mother commenced this proceeding to modify the provisions of the stipulation of settlement so as to award her sole legal and residential custody of the child, and to permit her to relocate with the child to Colorado. During the pendency of the proceeding, the father relocated with the child to Georgia. After a hearing, the Family Court granted the petition, and awarded certain visitation to the father. The father appeals.
 

 To modify an existing custody arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child (see Matter of Dezil v Garlick, 114 AD3d 773, 773 [2014]; Matter of O’Loughlin v Sweetland, 98 AD3d 983, 983 [2012]; Matter of Sparacio v Fitzgerald, 73 AD3d 790, 790 [2010]). Here, the Family Court properly determined that joint custody was no longer appropriate because the parties were unable to sufficiently communicate and cooperate on matters concerning the child (see Matter of Lee v Fitts, 147 AD3d 1058, 1059 [2017]; Matter of Zall v Theiss, 144 AD3d 831, 833 [2016]). Further, the evidence at the hearing established that both parents love the child, maintain their own homes, and can adequately provide for the child’s overall development. However, the court, having the benefit of observing and listening to the witnesses, including the testimony of both parties, found that the mother was better suited to place the child’s interests ahead of her own and to foster the child’s relationship with the other parent. Accordingly, the court’s determination awarding custody to the mother will not be disturbed (see Matter of Saravia v Godzieba, 120 AD3d 821, 822 [2014]). Moreover, in light of the mother’s reassignment to Colorado and the father’s relocation from New York to Georgia, the court properly determined that it would be in the child’s best interest to permit the mother to relocate with the child to Colorado (see Matter of Tropea v Tropea, 87 NY2d 727, 739-741 [1996]).
 

 “The determination of visitation to a noncustodial parent is within the sound discretion of the hearing court, based upon the best interests of the [child], and it should not be set aside unless it lacks a sound and substantial basis in the record” (Matter of Dennis D. [Justesen], 83 AD3d 700, 702 [2011]; see Matter of Spampinato v Mazza, 152 AD3d 525, 526 [2017]). Here, the Family Court’s visitation award was in the best interests of the child and had a sound and substantial basis in the record, and thus, we decline to disturb it.
 

 Balkin, J.P., Hall, Hinds-Radix and Christopher, JJ., concur.