Matter of Gangi v Sanfratello (2018 NY Slip Op 00141)





Matter of Gangi v Sanfratello


2018 NY Slip Op 00141


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-09698
 (Docket No. V-10465-15)

[*1]In the Matter of Thomas Russel Gangi, respondent,
v
Ginamarie Sanfratello, appellant.


Amy E. King, Amagansett, NY, for appellant.
Kevin G. McClancy, Central Islip, NY, for respondent.
Jordan Freundlich, Lake Success, NY, attorney for the child.



DECISION & ORDER
Appeal from an order of the Family Court, Suffolk County (George F. Harkin, J.), dated August 22, 2016. The order, insofar as appealed from, granted the father's petition to modify an order of custody of that court dated June 2, 2014, entered on consent, so as to award him sole legal and physical custody of the parties' child.
ORDERED that the order dated August 22, 2016, is affirmed insofar as appealed from, without costs or disbursements.
In 2014, the parties entered into an order of custody on consent in which they agreed to share legal custody of their child, with primary residential custody to the mother. In 2015, the father filed a petition to modify the order so as to award him sole legal and physical custody of the child. After a hearing, and after conducting an in camera interview with the child, the Family Court granted the father's petition. The mother appeals.
Where modification of an existing custody arrangement is sought, the petitioner must make a showing that there has been a change in circumstances such that modification is necessary to protect the best interests of the child (see Matter of Harrison v McClellan, 151 AD3d 723, 723; Matter of Scott v Powell, 146 AD3d 964, 965; Matter of Zall v Theiss, 144 AD3d 831, 832). The best interests of the child are determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171-173; Anonymous 2011-1 v Anonymous 2011-2, 136 AD3d 946, 948; McAvoy v Hannigan, 107 AD3d 960, 962-963). Since the Family Court's determination with respect to custody and visitation depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, deference is accorded to its findings in this regard, and such findings will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Estrada v Palacios, 148 AD3d 804; Matter of Hargrove v Langenau, 138 AD3d 846; Matter of Saldana v Lopresti, 133 AD3d 669, 670; Matter of Mack v Kass, 115 AD3d 748, 749).
Here, there was testimony at the hearing that the parties had failed to follow various [*2]terms of the order of custody, and had repeatedly engaged in heated verbal disputes in the presence of the child. In addition, since the time of entry of the order of custody, the child had been absent from school numerous times, his grades had dropped, and he had exhibited signs of depression. In light of this testimony, the Family Court properly determined that joint custody was no longer appropriate because the parents were unable to sufficiently communicate and cooperate on matters concerning the child (see Matter of Lee v Fitts, 147 AD3d 1058, 1059; Matter of Zall v Theiss, 144 AD3d 831, 833). In addition, contrary to the mother's contention, the court's determination that the child's interests would be best served by awarding the father sole legal and physical custody of the child has a sound and substantial basis in the record and, therefore, will not be disturbed (see Eschbach v Eschbach, 56 NY2d at 173-174; Matter of Harrison v McClellan, 151 AD3d at 723-724; Matter of DeVita v DeVita, 143 AD3d 981, 982-983; Matter of Rosenblatt v Rosenblatt, 129 AD3d 1091, 1092-1093).
RIVERA, J.P., AUSTIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court