Matter of Li Wong v Fen Liu (2018 NY Slip Op 01607)





Matter of Li Wong v Fen Liu


2018 NY Slip Op 01607


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2016-13078
 (Docket Nos. V-716-11, V-718-11)

[*1]In the Matter of Li Wong, appellant, 
v
Fen Liu, respondent.


Cindy J. Mendelson, Brooklyn, NY (Stuart Diamond of counsel), for appellant.
Fersch Petitti, LLC, New York, NY (Meryl A. Hoeft and Patricia Fersch of counsel), for respondent.
Karen P. Simmons, Brooklyn, NY (Rachel J. Stanton and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
Appeal from an order of the Supreme Court, Kings County (Esther M. Morgenstern, J.), dated November 14, 2016. The order dismissed, without a hearing, the father's petition to modify the custody and visitation provisions of the parties' judgment of divorce dated June 8, 2014, so as to award him sole legal and physical custody of the parties' child.
ORDERED that the order is affirmed, with costs.
The parties' judgment of divorce, dated June 8, 2014, incorporated the custody and visitation provisions of two orders of the Supreme Court, dated August 6, 2012, and December 14, 2012, respectively, awarding sole legal and physical custody of the parties' child to the mother and liberal parenting time to the father. In May 2016, the father filed a petition to modify the custody and visitation provisions of the judgment of divorce so as to award him sole legal and physical custody of the child. By order dated November 14, 2016, the court dismissed the father's petition without a hearing. The father appeals.
To warrant modification of an existing court-sanctioned child custody arrangement, there must be a showing that there has been a change in circumstances such that the modification is necessary to ensure the continued best interests of the child (see Matter of Zall v Theiss, 144 AD3d 831, 832; Matter of Connolly v Walsh, 126 AD3d 691, 693; Matter of Graziani C.A. [Lisa A.], 117 AD3d 729, 730). In determining whether such a change has occurred, the court must consider the totality of the circumstances (see Matter of Zall v Theiss, 144 AD3d at 832; Matter of Connolly v Walsh, 126 AD3d at 693). A parent seeking a change of custody is not automatically entitled to a hearing. Rather, a parent must make some evidentiary showing of a change in circumstances sufficient to warrant a hearing (see Matter of Ruiz v Sciallo, 127 AD3d 1205, 1206; Matter of Klotz v O'Connor, 124 AD3d 662, 663; Matter of Gurewich v Gurewich, 58 AD3d 628, 629).
Here, the father failed to make an evidentiary showing of a change in circumstances between the issuance of the judgment of divorce and the filing of his petition. Accordingly, the Supreme Court properly dismissed the father's petition without a hearing (see Matter of Castagnini v Hyman-Hunt, 123 AD3d 926, 926; Matter of Fasano v Battista, 68 AD3d 863, 864; Matter of Riedel v Riedel, 61 AD3d 979; Matter of Miller v Lee, 225 AD2d 778, 779).
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court