Matter of Snowden v Snowden (2018 NY Slip Op 03985)





Matter of Snowden v Snowden


2018 NY Slip Op 03985


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
HECTOR D. LASALLE, JJ.


2017-04134
 (Index No. V-16035-16/16A)

[*1]In the Mater of Krishna K. Snowden, respondent,
v
Curtis D. Snowden, appellant.


Gina M. Scelta, Huntington, NY, for appellant.
Kevin G. McClancy, Central Islip, NY, for respondent.
Jordan M. Freundlich, Lake Success, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Colleen M. Fondulis, Ct. Atty. Ref.), dated March 24, 2017. The order, after a hearing, granted the mother's petition to modify the custody provisions of the parties' judgment of divorce so as to award her sole legal and residential custody of the subject child and to permit her to obtain a passport for the child.
ORDERED that the order is affirmed, without costs or disbursements.
The parties were divorced by judgment entered June 27, 2016, upon the father's default. The judgment of divorce provided that the mother would have custody of the parties' minor child, and the father would have physical access. Following the divorce, the mother attempted to obtain a passport for the child so that the child could visit her ailing maternal grandmother in South America. The mother was unable to obtain the passport without the father's consent, which he refused to provide. In September 2016, the mother filed a petition pursuant to Family Court Act article 6, seeking to modify the judgment of divorce so as to award her sole legal and residential custody of the child and to permit her to obtain a passport for the child. Following a hearing, the Family Court granted the mother's petition. The father appeals.
A party seeking modification of an existing custody arrangement must show that there has been a change in circumstances such that modification is necessary to protect the best interests of the child (see Matter of Gangi v Sanfratello, 157 AD3d 677, 678; Matter of Morris v Morris, 156 AD3d 702, 703; Matter of Harrison v McClellan, 151 AD3d 723, 723). The court must determine whether the totality of the circumstances justifies modification (see Friederwitzer v Friederwitzer, 55 NY2d 89, 95-96; Matter of Vargas v Gutierrez, 155 AD3d 751, 752). Since the Family Court's determination with respect to custody depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, deference is accorded to its findings in this regard, and such findings will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Gangi v Sanfratello, 157 AD3d at 678; Matter of Pena v Cordero, 152 AD3d 697, 698; Matter of Hargrove v Langenau, 138 AD3d 846, 847).
Here, the Family Court properly determined that the mother's inability to obtain a passport for the child so that the child could visit her maternal grandmother, who had fallen ill, and the father's refusal to consent to the mother obtaining the passport, constituted a change in circumstances warranting modification of the judgment of divorce so as to award the mother sole legal and residential custody of the child and to permit her to obtain a passport for the child. Accordingly, the court's determination was supported by a sound and substantial basis in the record and will not be disturbed.
SCHEINKMAN, P.J., RIVERA, CHAMBERS and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court