Matter of Bartholomew v Marano (2019 NY Slip Op 05977)





Matter of Bartholomew v Marano


2019 NY Slip Op 05977


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-05314
 (Index No. V-14737-15/16F)

[*1]In the Matter of Natasha Soo-Hon Bartholomew, respondent, 
v
Anthony Marano, appellant.


Friedman & Friedman, PLLC, Garden City, NY (Sari M. Friedman of counsel), for appellant.
Law Offices of Rachel A. Camillery, P.C., West Islip, NY, for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Philip Goglas, J.), dated March 5, 2018. The order, after a hearing, granted the mother's petition to modify a prior order of custody and visitation issued by the Court of Common Pleas, Juvenile Division, Lake County, in the State of Ohio, and dismissed the father's petition to modify the same order.
ORDERED that the order dated March 5, 2018, is affirmed, with costs.
The parties, who were never married, are the parents of one child, who was born in 2006. In an order of custody and visitation issued by the Court of Common Pleas, Juvenile Division, Lake County, in the State of Ohio, in 2014, the parties agreed to the following: "Mother shall be designated primary legal custodian and residential parent for school purposes. Father shall be designated legal and residential parent when the minor child is with him and shall have access to all medical and education records relating to the minor child."
In August 2015, the father filed a petition to modify the custody provisions of the prior order so as to award him sole legal and physical custody. Subsequent thereto, the mother filed a petition for the same relief as to her. In an order dated March 5, 2018, the Family Court dismissed the father's petition, and granted the mother's petition. The father appeals.
" A court may modify an order awarding custody and visitation upon a showing that there has been a subsequent change [in] circumstances and that modification is in the best interests of the child'" (Matter of Mack v Kass, 115 AD3d 748, 748-749, quoting Matter of Sinnott-Turner v Kolba, 60 AD3d 774, 775). The parties do not dispute that there was a change in circumstances subsequent to the issuance of the Ohio court order.
"The best interests of the child are determined by an examination of the totality of the [*2]circumstances" (Matter of Dokmeci v Herbert, 167 AD3d 877, 878; see Eschbach v Eschbach, 56 NY2d 167, 171). "The factors to be considered in determining the child's best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the length of time the present custody arrangement has been in effect" (Matter of Al-Dalali v Rivera, 171 AD3d 729, 731; see Matter of Scheiner v Henig, 155 AD3d 874, 875; Matter of Bixler v Vitrano, 155 AD3d 718, 719). "Since weighing the factors relevant to any custody determination depends to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great respect and will not be disturbed unless they lack a sound and substantial basis in the record, or are contrary to the weight of the evidence'" (Weisberger v Weisberger, 154 AD3d 41, 51, quoting Trinagel v Boyar, 70 AD3d 816, 816).
Contrary to the father's contentions, there is a sound and substantial basis for the Family Court's determination that it was in the child's best interests for the mother to be awarded sole legal and physical custody (see Matter of Brownell v Manemeit, 142 AD3d 499; Matter of Thomas v Wong, 127 AD3d 769; Matter of Aaron W. v Shannon W., 96 AD3d 960; Bourne v Bristow, 66 AD3d 621). The evidence at the hearing established that the child, who had been continuously living in the mother's care, is happy, well-adjusted, and excelling in school.
In addition, the Family Court providently exercised its discretion in directing the parties to "ensure that the subject child has no contact with" the daughter of the father's ex-girlfriend.
MASTRO, J.P., BALKIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court