Robinson v Robinson (2019 NY Slip Op 07104)





Robinson v Robinson


2019 NY Slip Op 07104


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2018-10912 
2019-09523
 (Index No. 1425/17)

[*1]Tanya Marie Kaiser Robinson, appellant,
v
Ricky Wayne Robinson, respondent.


Petroske Riezenman & Meyers, P.C., Hauppauge, NY (Clifford J. Petroske and Katelyn A. FitzMorris of counsel), for appellant.
Simonetti & Associates, Syosset, NY (Kevin Mulligan of counsel), for respondent.
Susan Saltz, Melville, NY, attorney for the child.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from (1) an interlocutory judgment of the Supreme Court, Suffolk County (Carol Mackenzie, J.), dated July 10, 2018, and (2) a judgment of divorce of the same court (Andrew A. Crecca, J.) dated June 20, 2019. The judgment of divorce, insofar as appealed from, after a nonjury trial, awarded the defendant physical custody of the parties' child and awarded the plaintiff certain parental access.
ORDERED that the appeal from the interlocutory judgment is dismissed, as that judgment was superseded by the judgment of divorce; and it is further,
ORDERED that the judgment of divorce is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
The parties were married in October 2009 and have one child, born in 2014. In 2017, the plaintiff commenced this action for a divorce and ancillary relief. Following a temporary custody hearing, the Supreme Court, in an order dated October 25, 2017, awarded the defendant temporary custody of the parties' child and granted the defendant permission to relocate to Ohio with the child. Thereafter, a five-day custody trial was held in April and May of 2018. Following the trial, the court issued an interlocutory judgment which, inter alia, awarded the defendant physical custody of the parties' child and awarded the plaintiff certain parental access. On June 20, 2019, the court issued a judgment of divorce which incorporated by reference the relief granted in the interlocutory judgment. The plaintiff appeals.
"In adjudicating custody and [parental access] rights, the court's paramount concern is the best interests of the [child]" (Iacono v Iacono, 117 AD3d 988, 988; see Eschbach v Eschbach, 56 NY2d 167, 171; Friederwitzer v Friederwitzer, 55 NY2d 89, 94; Matter of Levingart v Levingart, 147 AD3d 763, 764). In determining the child's best interests, a court must consider the totality of [*2]the circumstances, including, among other things, the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent (see Matter of Andrade v Salvador, 160 AD3d 826, 827; Matter of Stokes v Stokes, 154 AD3d 952, 953). "Absent exceptional circumstances, some form of [parental access] with the noncustodial parent is always appropriate" (Matter of Burgess v Burgess, 99 AD3d 797, 798 [internal quotation marks omitted]).
Determinations related to custody and parental access depend to a great extent upon the trial court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties. The court's credibility findings will be accorded great weight and the court's custody and parental access determinations will not be disturbed unless they lack a sound and substantial basis in the record (see Lashlee v Lashlee, 161 AD3d 843, 843; Hogan v Hogan, 159 AD3d 679, 681; Matter of Bixler v Vitrano, 155 AD3d 718, 720).
Here, the Supreme Court's determination that the child's best interests would be served by awarding physical custody to the defendant has a sound and substantial basis in the record and will not be disturbed. Further, the parental access schedule determined by the court has a sound and substantial basis in the record and, likewise, will not be disturbed.
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court