Matter of Garcia v Maita (2021 NY Slip Op 00559)





Matter of Garcia v Maita


2021 NY Slip Op 00559


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2019-00767
 (Docket No. V-5815-16)

[*1]In the Matter of William G. Garcia, respondent,
v
Marisol E. Maita, appellant.


Daniel L. Pagano, Yorktown Heights, NY, for appellant.
Andrew W. Szczesniak, White Plains, NY, for respondent.
William E. Horwitz, Briarcliff Manor, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Arlene Katz, J.), dated December 19, 2018. The order, insofar as appealed from, after a hearing, granted the father's petition to modify the custody provisions of two so-ordered stipulations of the same court (Joan M. Genchi, Ct. Atty. Ref.) dated March 5, 2013, and October 18, 2013, respectively, and awarded the father sole legal and physical custody of the parties' child.
ORDERED that the order dated December 19, 2018, is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, have one child, born in April 2012. On March 5, 2013, the parties executed a so-ordered stipulation in which they agreed to joint legal custody of the child, with the mother having residential custody, and agreeing to a specific schedule of parental access for the father. On October 18, 2013, the parties executed another so-ordered stipulation which modified the father's parental access schedule. The father filed a petition to modify the stipulations, and, after a hearing, the Family Court granted the father's petition and awarded the father sole legal and physical custody of the child. The mother appeals.
A modification of a court-ordered custody arrangement must be based upon a showing of a change in circumstances such that the modification is in the best interests of the child (see Matter of Dennis v Davis-Schloemer, 167 AD3d 738; Matter of Wagner v Stevens, 143 AD3d 903). The court's credibility findings are accorded great deference on appeal and the court's custody determination will not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of McVey v Barnett, 107 AD3d 808).
Here, the Family Court's determination that there had been a change in circumstances requiring a change in custody so as to award the father sole legal and physical custody of the child in order to protect the best interests of the child has a sound and substantial basis in the record and will not be disturbed (see id.).
The mother's remaining contentions are without merit.
CHAMBERS, J.P., MILLER, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court