Matter of Peebles v Lapp (2021 NY Slip Op 03036)





Matter of Peebles v Lapp


2021 NY Slip Op 03036


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2019-11680
 (Docket No. V-4240-10/18F)

[*1]In the Matter of Gregory R. Peebles, respondent,
v
Crystal M. Lapp, appellant.


Thomas M. Gambino, Poughkeepsie, NY, for appellant.
Christopher A. Montalto, Poughkeepsie, NY, for respondent.
Carl S. Chu, Fishkill, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Dutchess County (Denise M. Watson, J.), dated August 28, 2019. The order, insofar as appealed from, after a hearing, in effect, granted the father's amended petition to modify an order of the same court dated March 28, 2013, as amended by an order of the same court dated January 26, 2017, to the extent of awarding the parties joint legal custody of their child and primary physical custody of the child to the father, with parenting time to the mother.
ORDERED that the order dated August 28, 2019, is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father, who were not married, are the parents of one child, a daughter born in 2006. By order entered August 12, 2009, the mother was awarded sole legal and physical custody of the child, and the father was awarded parenting time with the child. Thereafter, on March 28, 2013, the parties agreed to a consent order of custody and visitation which, among other things, expanded the father's parenting time with the child and provided that the parties would share the responsibility of transporting the child during exchanges (hereinafter the March 2013 order). In an order dated January 26, 2017, the parties agreed to modify the March 2013 order so as to change the exchange location (hereinafter together with the March 2013 order, the prior order of custody).
Thereafter, in December 2018, the father filed a petition to modify the prior order of custody, and in May 2019, he filed an amended petition seeking the same relief. As is relevant to this appeal, after a two-day hearing in May and June 2019, the Family Court, in an order dated August 28, 2019, in effect, granted the father's amended petition to the extent of modifying the prior order of custody so as to award the parties joint legal custody of the child and primary physical custody to the father, with parenting time to the mother. The mother appeals.
To modify an existing custody arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child (see Matter [*2]of Garcia v Maita, 191 AD3d 669, 670; Matter of Gangi v Sanfratello, 157 AD3d 677, 678). "The best interests of the child are determined by a review of the totality of the circumstances" (Matter of Bixler v Vitrano, 155 AD3d 718, 719). Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and therefore, deference is accorded to the court's findings in this regard (see e.g. Matter of Garcia v Maita, 191 AD3d at 670; Matter of Bixler v Vitrano, 155 AD3d at 719-720). Since the court's credibility determinations are entitled to great weight on appeal, its award of custody should not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Garcia v Maita, 191 AD3d at 670; Matter of Bixler v Vitrano, 155 AD3d at 720).
Contrary to the mother's contention, the Family Court's determination that there had been a sufficient change in circumstance such that a change in physical custody of the child to the father was required to protect the best interests of the child has a sound and substantial basis in the record and will not be disturbed (see Matter of Garcia v Maita, 191 AD3d at 670; Matter of Bixler v Vitrano, 155 AD3d at 720).
The mother's remaining contentions are without merit.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court