Matter of Barge v Blackman (2021 NY Slip Op 04018)





Matter of Barge v Blackman


2021 NY Slip Op 04018


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-11991
 (Docket Nos. V-1466-09/16H/18I, V-14108-17)

[*1]In the Matter of Reggie Barge, respondent,
v
Amirah Blackman, appellant. (Proceeding No. 1)
In the Matter of Amirah Blackman, appellant, v Reggie Barge, respondent. (Proceeding No. 2)


Gloria Marchetti-Bruck, White Plains, NY, for appellant.
Nancy C. Nissen, White Plains, NY, for respondent.
Julie A. Cherico, White Plains, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (IDV Part) (Arthur J. Doran III, J.), dated September 9, 2019. The order, insofar as appealed from, after a hearing, granted the father's petition to modify a prior order of custody of the same court dated January 29, 2015, so as to award him sole legal and physical custody of the parties' child, and awarded the mother supervised therapeutic parental access with the child.
ORDERED that the order dated September 9, 2019, is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married to each other, have one child, born in 2008. By order dated January 29, 2015, the mother was awarded sole legal and physical custody of the child (see Matter of Blackman v Barge, 145 AD3d 775). Thereafter, upon the child's removal from the mother's custody by Child Protective Services and temporary placement with the father precipitated by, among other things, the mother's failure to enroll the child in school for months and her frequent change of residence over a short period of time, the father filed a petition to modify the January 29, 2015 order so as to award him sole legal and physical custody of the child. After a hearing, the Family Court, inter alia, granted the father's petition and awarded the mother supervised therapeutic parental access with the child. The mother appeals.
"A modification of a court-ordered custody arrangement must be based upon a showing of a change in circumstances such that the modification is in the best interests of the child" (Matter of Garcia v Maita, 191 AD3d 669, 670; see Matter of Garcia v Manukian, 190 AD3d 854). "Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter [*2]of Gooler v Gooler, 107 AD3d 712, 712; see Matter of Ahmad v Rani, 185 AD3d 581, 582).
Here, the Family Court's determination that there had been a change in circumstances requiring a change in custody, and to award the father sole legal and physical custody of the child in order to protect the best interests of the child, has a sound and substantial basis in the record and will not be disturbed (see Matter of Garcia v Maita, 191 AD3d at 670; Matter of Gasparro v Edwards, 85 AD3d 1222, 1224; Matter of Caravella v Toale, 78 AD3d 828; Matter of Paul T. v Ann-Marie T., 75 AD3d 788, 790-791).
The mother's remaining contention is without merit.
RIVERA, J.P., DUFFY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court