Matter of Blackman v Barge (2025 NY Slip Op 00214)

Matter of Blackman v Barge

2025 NY Slip Op 00214

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-02307
 (Docket Nos. V-419-22, V-3898-22, O-5377-22)

[*1]In the Matter of Amirah Blackman, appellant, 
v
Reggie Barge, respondent.

Karen M. Jansen, White Plains, NY, for appellant.
Nancy C. Nissen, White Plains, NY, for respondent.
Maria J. Frank, Yorktown Heights, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the mother appeals from an order of the Family Court, Westchester County (Nilda Morales Horowitz, J.), dated February 16, 2023. The order, insofar as appealed from, without a hearing, dismissed with prejudice the mother's petitions to modify an order of the same court (Arthur J. Doran III, J.) dated September 9, 2019, so as to award her sole legal and physical custody of the parties' child or, in the alternative, for an extension of supervised therapeutic parental access with the child.
ORDERED that the order dated February 16, 2023, is modified, on the law, by deleting the provision thereof dismissing the mother's petitions with prejudice, and substituting therefor a provision dismissing the petitions without prejudice; as so modified, the order dated February 16, 2023, is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, have one child together, born in 2008. After a hearing, by order dated September 9, 2019, later affirmed by this Court, the father was awarded sole legal and physical custody of the child, with supervised therapeutic parental access to the mother (see Matter of Barge v Blackman, 195 AD3d 926). The mother's petition to modify that order and her application to extend supervised therapeutic parental access were denied, without a hearing, by order dated December 24, 2020, which was also affirmed by this Court (see Matter of Blackman v Barge, 207 AD3d 537).
In the instant related proceedings, the mother again petitioned the Family Court to modify the order dated September 9, 2019, so as to award her sole legal and physical custody of the child or, in the alternative, for an extension of supervised therapeutic parental access with the child. The father opposed. By order dated February 16, 2023, the court, inter alia, dismissed, without a hearing, the mother's petitions with prejudice. The mother appeals.
"In order to modify an existing custody arrangement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interest of the child" (Matter of Walker v Sterkowicz-Walker, 203 AD3d 1165, 1166). "Entitlement to a hearing on a modification petition, however, is not automatic; the petitioning parent must make a threshold [*2]evidentiary showing of a change in circumstances demonstrating a need for modification in order to insure the child's best interests" (Matter of LaPera v Restivo, 202 AD3d 788, 789).
Here, the mother failed to make the requisite evidentiary showing of a change in circumstances to warrant a hearing. Her papers are devoid of factual allegations of any change in circumstances since the denial of her prior petitions for similar relief. Thus, the mother "failed to make the requisite evidentiary showing of a change in circumstances sufficient to warrant a hearing" (Matter of Masiello v Astol, 230 AD3d 785, 786).
However, the Family Court should not have provided that its dismissal of the mother's petitions was with prejudice. This language could create confusion as to whether the mother could seek relief based upon a change in circumstances. Therefore, we delete that provision of the order appealed from and substitute therefor a provision dismissing the petitions without prejudice (see Matter of Hugee v Gadsden, 172 AD3d 863). We note that child custody and parental access orders are not entitled to res judicata effect and are subject to modification based upon a showing of a change in circumstances. Thus, a new petition may be filed where there has been a sufficient change in circumstances since the order or judgment sought to be modified was made (see id.).
However, since there was no showing of a change in circumstances in these proceedings, we modify the order as indicated herein and otherwise affirm insofar as appealed from.
BARROS, J.P., GENOVESI, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court